# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4135-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GIROLAMO BRUSCIANELLI,

     Defendant-Appellant.

_____

Submitted October 1, 2018 – Decided October 9, 2018

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-10-0909.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Girolamo Bruscianelli appeals from the April 4, 2017 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

Pursuant to a plea agreement negotiated between the parties, defendant pled guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4). In doing so, he admitted having sexual intercourse with a minor during the one-year period between June 2008 and June 2009. At that time, the victim was less than sixteen years old, and defendant was more than four years older than her.

During the plea hearing, defendant stated that he had reviewed the plea form, which specifically apprised him that he would be subject to parole supervision for life (PSL). Defendant also signed a separate form acknowledging that he would be required to abide by the twenty-five general conditions of PSL listed on the form. The plea form informed defendant that if he violated a condition of PSL, the State Parole Board could revoke his parole and return him "to prison for [twelve] to [eighteen] months for each revocation[.]"

Judge Scott Moynihan, who presided at the plea hearing, also questioned defendant about his understanding of PSL, and all of the other terms of the

2

agreement. Defendant testified that: (1) he was "[d]efinitely" satisfied with the services provided by his attorney; (2) he understood all aspects of the plea; and (3) no one forced or threatened him to plead guilty.

In accordance with the parties' agreement, Judge Moynihan subsequently sentenced defendant to a four-year prison term, and PSL. The judge also ordered defendant to comply with all applicable Megan's Law reporting requirements. Defendant did not file a direct appeal from his conviction and sentence.

Following his release from prison in June 2013, defendant violated the conditions of his PSL on at least three occasions and, pursuant to N.J.S.A. 2C:43-6.4(d), the State Parole Board returned him to prison for periods of time ranging between twelve and sixteen months for these violations. Defendant did not file a direct appeal from any of the Board's determinations.

In February 2016, defendant filed his petition for PCR. In support of his petition, defendant alleged that his trial attorney provided ineffective assistance to him because she failed to adequately explain the consequences of PSL or properly investigate his case. He also asserted that his attorney, with the assistance of the prosecutor, coerced him into pleading guilty. Judge Moynihan conducted an evidentiary hearing, at which defendant and his trial attorney

3

testified. At the conclusion of the hearing, the judge rendered a thorough written opinion, denying defendant's petition for PCR.

The judge rejected defendant's assertion that his attorney did not advise him of the ramifications of PSL because the record developed at the plea hearing was replete with admissions by defendant that he fully understood the terms of the agreement, including the PSL component. The judge noted that defendant claimed he was "probably in robotic mode saying yes to everything" during the plea hearing. The judge found this testimony "to be a lie" because "the transcript of each proceeding involving [defendant] reveals that he was never reticent, addressing the court freely and openly. He was never "robotic." Moreover, defendant conceded that he initialed each page of the plea forms, including the PSL forms, and he acknowledged their content.

Judge Moynihan next rejected defendant's bald assertion that the attorney "did not adequately investigate any aspect of the case and merely guided defendant to a plea without any investigation whatsoever." After noting that defendant could not "point to any fact that a proper investigation would have revealed[,]" the judge credited the attorney's testimony that she met with defendant on many occasions, thoroughly discussed the case with him, answered his questions, and reviewed all of the discovery.

A-4135-16T2

The judge also found that defendant's claim of coercion in regard to the plea was not credible. Defendant argued that he "got scared" when a prosecutor allegedly told him in open court "with people around" that he would lose at trial. However, defendant could not point to anything in the transcript of that proceeding to support his contention. Moreover, the judge observed that defendant "admitted during the plea colloquy that he was not coerced to take the plea."

Based upon these findings, Judge Moynihan concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. In summing up his ruling on defendant's ineffective assistance of counsel claim, the judge stated:

> [Defendant's] present contentions are false. Viewing the testimony of trial counsel and [defendant], there is no doubt whatsoever that trial counsel was truthful. She testified forthrightly. Her file notes buttressed her testimony that, with [defendant], she reviewed the case, his exposure if the case proceeded, and the parameters of the plea. [Defendant's] testimony, on the other hand, was of the weaselly type seen when a [defendant], with nothing to lose by lying, makes up a story that contradicts all his prior statements regarding a plea. There was no ring of truth at all to his contentions. The court, having had the opportunity to

5

evaluate the credibility of both witnesses, firmly believes the testimony of trial counsel and finds [defendant] was lying.

Defendant also argued that "the imposition of PSL was unconstitutional as applied to him because the PSL statute [N.J.S.A. 2C:43-6.4] violates the separation of powers doctrine." Judge Moynihan found that defendant's claim on this issue was barred by Rule 3:22-4(a) because it could have been raised, but was not, on direct appeal. The judge further ruled that even if the claim was not barred, it plainly lacked merit because the Legislature had specifically granted the Parole Board the authority to set the conditions of a defendant's PSL and to impose appropriate sanctions for violations of those conditions. This appeal followed.

On appeal, defendant's appellate attorney[1] raises the following contentions on defendant's behalf:

> Point One – DEFENDANT HAS ESTABLISHED HIS RIGHT TO [PCR].
>
> A.    The Constitutionality Issue.

---

[1]  Defendant has filed a pro se supplemental brief which, in large part, repeats the same contentions raised by his appellate counsel. Contrary to Rule 2:6-2(a)(6), however, defendant had not divided his legal argument into discernible point headings and, therefore, it is not possible to list each of his specific contentions in this opinion. Nevertheless, we have reviewed defendant's entire brief and conclude that his arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

A-4135-16T2

B.    Deficiencies of Plea Counsel.

We begin by addressing defendant's argument that his trial attorney provided him with ineffective assistance in connection with his guilty plea. When petitioning for PCR on this basis, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, State v. Fritz, 105 N.J. 42, 52 (1987), the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. U.S. v. Cronic, 466 U.S. 648, 659 n.26 (1984). When as here, the trial judge conducts an evidentiary hearing, we also defer to the judge's "credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999).

7

Having considered defendant's ineffective assistance contentions in light of the record and applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Moynihan's comprehensive written opinion. As the judge explained, defendant's testimony at the PCR hearing was simply not believable because, among other reasons, defendant contradicted his admissions during the plea colloquy that he was satisfied with his attorney's services; fully understood the plea terms, including the PSL forms he signed; and was not coerced in any way. We are unable to discern any basis to question or disturb the judge's well-founded credibility determinations. Ibid. Therefore, the judge properly rejected defendant's ineffective assistance of counsel claim.

We also agree with Judge Moynihan that defendant's challenge to the constitutionality of PSL was barred by Rule 3:22-4(a). It is well established that a PCR petition "is not . . . a substitute for appeal . . . ." R. 3:22-3; see, e.g., State v. Hess, 207 N.J. 123, 145 (2011). Therefore, a defendant "is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a)[.]" Nash, 212 N.J. at 546. Under Rule 3:22-4(a),

> [a]ny ground for relief not raised in the proceedings resulting in the conviction, or in a [PCR] proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred

A-4135-16T2

from assertion in a [PCR] proceeding . . . unless the court on motion or at the hearing finds:

(1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or

(2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

Here, defendant did not file a direct appeal challenging the constitutionality of his sentence to PSL, the conditions imposed, or the Parole Board's subsequent determinations that he violated those conditions and should be returned to prison. Defendant's contention that he could not have earlier challenged his original sentence to PSL or the Parole Board's later rulings concerning his violations of PSL is baseless.

Once defendant was sentenced, he was subject to PSL. Indeed, he signed the PSL general conditions form at the time he pled guilty to the offense that required Judge Moynihan to sentence him to PSL. Clearly, defendant had the opportunity to file a direct appeal from either his sentence or the Parole Board's determinations, and he never took advantage of it. Therefore, Judge Moynihan

9

correctly concluded that the exception provided in Rule 3:22-4(a)(1) did not apply.

Likewise, no "fundamental injustice" resulted from the judge's determination because defendant had the chance to raise this constitutional challenge, but inexplicably failed to do so. R. 3:22-4(a)(2). In addition, there was no "new rule of constitutional law" that permitted the judge to ignore the bar prohibiting him from considering an issue defendant could have raised on direct appeal. R. 3:22-4(a)(3).

Nevertheless, we agree with Judge Moynihan's further determination that even if defendant's assertion that N.J.S.A. 2C:43-6.4 is unconstitutional under a separation of powers theory could have been considered in the PCR proceeding, the argument plainly lacked merit. By way of background, individuals sentenced to PSL remain in the custody of the Commissioner of Corrections following their release from prison, and are supervised by the Parole Board. State v. Hester, 233 N.J. 381, 387-88 (2018) (citing N.J.S.A. 2C:4-6.4).[2] PSL is "deemed to be a term of life imprisonment[,]" N.J.S.A. 2C:43-6.4(b), and is intended to be a penal, not remedial, post-sentence supervisory program, State

---

[2] In 2003, the Legislature amended N.J.S.A. 2C:43-6.4, removed references in the statute to community supervision for life (CSL), and substituted PSL for CSL. L. 2003, c. 267, § 1 (eff. Jan. 14, 2004). Hester, 233 N.J. at 387.

v. Perez, 220 N.J. 423, 441 (2015), which is a provision of the original criminal sentence. State v. Schubert, 212 N.J. 295, 314 (2012).

Pertinent to the Parole Board's authority to conduct revocation hearings, N.J.S.A. 2C:43-6.4(b) states:

> If the defendant violates a condition of a special sentence of [PSL], the defendant shall be subject to the provisions [in N.J.S.A. 30:4-123.60 to -123.63 and N.J.S.A. 30:4-123.65], and for the purpose of calculating the limitation on time served [set forth in N.J.S.A. 30:4-123.65] . . . Nothing contained in this subsection shall prevent . . . the [Parole Board] from proceeding under the provisions of [N.J.S.A. 30:4-123.60 to -123.63 and N.J.S.A. 30:4-123.65] against any such defendant for a violation of any conditions of the special sentence of [PSL], including the conditions imposed by the court pursuant to N.J.S.[A.] 2C:45-1. In any such proceeding by the [Parole Board], the provisions of [N.J.S.A. 30:4-123.51b] authorizing revocation and return to prison shall be applicable to such a defendant, notwithstanding that the defendant may not have been sentenced to or served any portion of a custodial term for conviction of an offense enumeration in subsection a. of this section.

Therefore, N.J.S.A. 2C:43-6.4(b) authorizes the Parole Board, in its capacity of supervising an individual's compliance with the conditions of a special sentence to PSL, to revoke PSL, and return a violator to prison. In this regard, N.J.S.A. 30:4-123.51b(c) states, "[i]f the parolee violates a condition of a special sentence of parole supervision for life, the parolee . . . may be returned

to prison." Where "revocation and return to custody [is] desirable[,] . . . the appropriate board panel shall revoke parole and return the parolee to prison for a specified length of time between [twelve] and [eighteen] months[.]" Ibid.

A violation of the conditions of PSL may also be prosecuted as a third-degree criminal offense pursuant to N.J.S.A. 2C:43-6.4(d). In that instance, judicial adjudication is required. See Hester, 233 N.J. at 388; Perez, 220 N.J. at 441. However, where the defendant is not charged with committing a new crime, N.J.S.A. 2C:43-6.4(d) specifically provides that the Parole Board can adjudicate the PSL violation, revoke parole, and return the defendant to prison.[3]

With this essential background in mind, we turn to defendant's contention that N.J.S.A. 2C:43-6.4 "represents an unconstitutional incursion by the executive on the prerogatives of the judicial branch." He asserts that the statute violates the separation of powers clause because the Parole Board, as an executive agency, should not have the authority to extend a criminal defendant's period of incarceration by revoking parole and returning the defendant to prison for a violation of a PSL condition. We disagree.

---

[3] In this regard, N.J.S.A. 2C:43-6.4(d) states, "[n]othing in this subsection shall preclude subjecting a person who violates any condition of a special sentence of [PSL] to the provisions of [N.J.S.A. 30:4-123.60 to -123.63 and N.J.S.A. 30:4-123.65] pursuant to the provisions of [N.J.S.A. 30:4-123.51b]."

The separation of powers clause of the New Jersey Constitution, N.J.

Const. art. III, §1, states:

> The powers of the government shall be divided among three distinct branches, the legislative, executive, and judicial. No person or persons belonging to or constituting one branch shall exercise any of the powers properly belonging to either of the others, except as expressly provided in this Constitution.

In State v. Bond, 365 N.J. Super. 430 (App. Div. 2003), we explained:

> The purpose of the separation of powers is to create a system of checks and balances among the three branches of government. State v. Leonardis, 73 N.J. 360, 370 (1977). It is not intended, however, to create an absolute division of powers among the three branches of government, thereby preventing cooperative action among them. Ibid. Only when the challenged statute impairs the integrity among the branches should the doctrine's effect on a branch's constitutional limits be recognized. Bullet Hole, Inc. v. Dunbar, N.J. Super. 562, 574 (App. Div. 2000). We have observed that "[t]he separation of powers prevents any one branch from aggregating unchecked power, which might lead to oppression and despotism." Ibid.
>
> [Bond, 365 N.J. Super. at 441.]

In Bond, we rejected the premise that the Parole Board's promulgation of

CSL regulations, N.J.A.C. 10A:71-6.11,[4] violated the separation of powers

---

[4]  The Parole Board's subsequently adopted regulations governing PSL. N.J.A.C. 10A:71-6.12.

doctrine.  Id. at 443.  We noted that the Legislature vested the Parole Board with supervisory authority over persons subject to CSL, the predecessor to PSL, in N.J.S.A. 2C:43-6.4(b).  Id. at 440.  We concluded:

> [T]he Legislature's use of the language "shall be supervised as if on parole" can be reasonably viewed as enabling the executive branch to promulgate regulations to further this purpose.  Moreover, we should take into consideration the executive's "specialized expertise" in these matters.
>
> [Id. at 442 (citation omitted).]

We also analyzed the Legislature's role in authorizing agency action, and observed:

> "[I]t is settled beyond controversy that the Legislature may enact statutes setting forth in broad design its intended aims, leaving the detailed implementation of the policy thus expressed to an administrative agency." [Cammarata v. Essex Cnty. Park Comm'n, 26 N.J. 404, 410 (1958).]  Here, the Legislature's intent to create a policy whereby CSL would mirror the conditions of parole is clear, and N.J.S.A. 2C:43-6.4(b) plainly comports with the principle expressed in Cammarata.
>
> We do not determine in a factual vacuum whether a violation of the separation of powers doctrine has occurred, but instead must consider the accompanying "surroundings and objectives."  The Legislature necessarily was fully aware of the Parole Board's supervisory scheme when it delegated authority to the Board to set forth the conditions of CSL. . . .  In our view, a reasonable interpretation of the legislative purpose behind the statute is that the Legislature took

A-4135-16T2

notice of a pre-existing statutory scheme. . . .  In short, N.J.S.A. 2C:43-6.4(b) does not constitute a violation of the separation of powers doctrine and [the] defendant's contentions to that effect are without merit.

[Bond, 365 N.J. Super. 442-443 (citations omitted).]

By analogy, the reasoning in Bond applies here.  "[A] reasonable interpretation of the legislative purpose behind the statute is that the Legislature took notice of a pre-existing statutory scheme" in replacing CSL with PSL.  Id. at 443.  The conditions imposed by N.J.S.A. 30:4-123.51b(c) accord with the general parole conditions found in N.J.S.A. 30:4-123.59 and N.J.A.C. 10A:71-6.4.  Defendant's separation of powers challenge is therefore not sustainable.

Finally, we note that that even though several opportunities have existed, the Legislature and New Jersey Supreme Court have not eliminated the ability of the Parole Board to adjudicate PSL violations.  In 2014, the Legislature amended 2C:43-6.4(d) by raising a PSL violation from a fourth-degree to a third-degree offense.  L. 2013, c. 214, § 4 (eff. July 1, 2014).  At that time, the Legislature did not alter the administrative procedures promulgated pursuant to the statutory scheme of PSL.

In 2015, our Supreme Court specifically acknowledged that

> [a] violation of PSL may be prosecuted as a[n] offense, N.J.S.A. 2C:43-6.4(d), but it may also be treated as a parole violation, N.J.S.A. 2C:43-6.4(b).  The State

15

> conceded at oral argument that the almost-universal practice since the enactment of the 2003 amendment is to revoke a defendant's parole and return him to prison.
>
> [Perez, 220 N.J. at 441.]

Earlier this year, the Court also stated that "[u]nder PSL, the Parole Board has the authority to simply revoke a defendant's supervised release for a violation of a general condition and bypass the panoply of procedural rights afforded under the criminal justice system, such as the rights to trial by jury and to have guilt proven beyond a reasonable doubt." Hester, 233 N.J. at 396. Under these circumstances, we conclude that N.J.S.A. 2C:43-6.4 plainly passes constitutional muster.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4135-16T2