# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0513-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.L.,

     Defendant-Appellant.

_____

Argued October 23, 2018 – Decided December 4, 2018

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-03-0766.

John W. Douard, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; John W. Douard, of counsel and on the briefs).

Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Barbara A. Rosenkrans, of counsel and on the brief).

PER CURIAM

Defendant J.L. appeals from an April 21, 2017 order denying his petition for post-conviction relief (PCR) and for leave to withdraw his guilty plea to fourth-degree impersonating a law enforcement officer, N.J.S.A. 2C:28-8(b). Defendant contends that his plea was not knowing and voluntary and his plea counsel was ineffective because defendant was not informed that his plea might subject him to civil commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. We disagree and affirm because defendant had previously been convicted of attempted aggravated sexual assault and had previously been advised that he was subject to potential civil commitment under the SVPA.

I

Defendant seeks to withdraw a guilty plea he entered in 2015. That plea, however, is best understood in the context of defendant's overall criminal history. The record establishes that defendant has a history of criminal convictions, including his conviction in 2015 for impersonating a law enforcement officer and a conviction in 2004 for attempted sexual assault.

In 2002, defendant was indicted for two separate attempted sexual assaults. The first attempted sexual assault was based on an incident in 2001 in

A-0513-17T3

a women's locker room. The victim testified that a man followed her into a women's locker room, showed her a badge, claimed to be from immigration, and directed her to take off her clothes so he could search her. The victim refused, called for her father, and the man left. In 2003, a jury convicted defendant of second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(c)(1). We reversed, however, because the victim never expressly identified defendant as her assailant and, thus, the State failed to present an essential element of the crime. State v. [L.], No. A-5432-03 (App. Div. Jan. 20, 2006) (slip op. at 2).

The second attempted sexual assault charge was based on an incident in 2002. In that incident, the victim reported that defendant broke into her bedroom while she was sleeping. She awoke when she felt someone pulling her shorts down. When she was fully awake, she saw defendant, who was partially undressed, with his hands on her shorts and her shorts were pulled down several inches. She jumped out of bed and defendant asked her to have sex. The victim refused and told defendant to leave. Defendant eventually dressed and left once the victim raised her voice as she was telling him to leave. Thereafter, the victim told the police that she knew defendant because he was the boyfriend of another

A-0513-17T3

tenant in the home where she lived. She also identified defendant from a photograph.

In January 2004, defendant pled guilty to second-degree attempted sexual assault, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-2(a)(3), based on that second incident. In connection with giving that plea, defendant was informed that his conviction could subject him to civil commitment under the SVPA. On February 27, 2004, defendant was sentenced in accordance with his plea agreement to five years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. In 2006, his judgment of conviction was amended to include community supervision for life (CSL) as part of his sentence.

In May 2015, defendant pled guilty to impersonating a law enforcement officer. That plea arose out of an incident that occurred in 2013. In March 2013, police responded to a report of a man impersonating a law enforcement officer at a hotel. A woman informed the police that she was a prostitute and had made arrangements to have sex with a customer for an agreed upon payment. When the customer arrived, he did not have the full amount of the payment, so the woman refused to have sex. The man then showed the woman a badge, claimed to be a sheriff's officer, and compelled her to perform sexual acts and engage in sexual intercourse.

Defendant was identified as the assailant because he was videotaped arguing with the woman's boyfriend in the hotel parking lot. Moreover, the boyfriend took down defendant's license plate number when he left the parking lot in a truck. When the police ran a check on the license plate number, they learned it was registered to defendant.

Defendant was indicted for two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), and fourth-degree impersonating a law enforcement officer, N.J.S.A. 2C:28-8(b). His plea was based on a negotiated plea agreement. As part of that agreement, the State agreed to recommend a sentence of eighteen months in prison in exchange for defendant's plea to impersonating a law enforcement officer and to dismiss the sexual assault charges. In giving his plea, defendant admitted to impersonating a law enforcement officer. He did not make any admissions regarding the sexual nature of his actions during the commission of the crime. Defendant was not informed that his plea might subject him to civil commitment under the SVPA. Thereafter, on October 2, 2015, defendant was sentenced to eighteen months for his conviction for impersonating a law enforcement officer.

While the charge of impersonating a law enforcement officer was pending, defendant also was indicted for theft and violating his CSL. In 2014, he pled

A-0513-17T3

guilty to fourth-degree theft, N.J.S.A. 2C:20-4. In 2015, he pled guilty to an amended charge of fourth-degree violating conditions of special sentence, N.J.S.A. 2C:43-6.4(d). On the theft conviction, defendant was sentenced to 365 days in prison. On the violating conditions of special sentence conviction, defendant was sentenced to eighteen months in prison and parole supervision for life.[1] Those sentences were run concurrent to each other.

In October 2015, while defendant was still incarcerated, the Attorney General filed a petition to civilly commit defendant under the SVPA. The petition identified defendant's various convictions, including his 2015 conviction for impersonating a law enforcement officer and his 2004 conviction for attempted sexual assault. The petition asserted that both defendant's 2015 and 2004 convictions "were the result of the commission of a sexually violent offense as defined in N.J.S.A. 30:4-27.24 [to -27.38]."

On October 30, 2015, a judge found probable cause to temporarily civilly commit defendant, and a hearing on that commitment was held on November 19, 2015. We were provided with the order granting the temporary commitment,

---

[1] Defendant has not appealed from the sentence for violating conditions of special sentence, but that sentence may be subject to challenge under State v. Hester, 233 N.J. 381, 398 (2018). If defendant decides to challenge that sentence, he must file an appropriate motion in the trial court.

but the record does not include the order or the transcript from the commitment hearing on November 19, 2015.

In April 2016, defendant filed a petition for PCR from his conviction for impersonating a law enforcement officer. Defendant sought to withdraw his plea, contending that his plea counsel had been ineffective because defendant had not been informed that he might be subject to civil commitment under the SVPA when he pled guilty to impersonating a law enforcement officer.

The PCR court heard oral arguments on the petition on April 12, 2017, but did not hold an evidentiary hearing. Defendant was represented by counsel at the argument. On April 21, 2017, the PCR court issued a written opinion and order denying the petition. The court also denied defendant's application to withdraw his guilty plea.

The PCR court reasoned that defendant's civil commitment was not based solely on his conviction for impersonating a law enforcement officer. Instead, the PCR court pointed out that defendant also had a 2004 conviction for a second-degree attempted sexual assault, which exposed him to the potential for civil commitment under the SVPA. The court also reasoned that because defendant did not plead guilty to a predicate sexual offense in 2015, his attorney had no obligation to inform him of the possibility of civil commitment under the

SVPA.  Finally, the PCR court reasoned that defendant suffered no prejudice because he had previously been convicted of a sexually violent crime and was already subject to civil commitment under the SVPA because of that prior conviction.

II

On appeal, defendant argues:

> POINT I – [J.L.] IS ENTITLED TO WITHDRAW HIS PLEA BECAUSE COUNSEL AND THE TRIAL JUDGE FAILED TO NOTIFY HIM OF HIS EXPOSURE TO CIVIL COMMITMENT PURSUANT TO THE SEXUALLY VIOLENT PREDATOR ACT, THEREBY PRECLUDING A KNOWING AND INTELLIGENT PLEA.  ALTERNATIVELY, DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING TO DETERMINE WHETHER DEFENSE COUNSEL HAD <u>EVER</u> DISCUSSED [J.L.'S] SVPA EXPOSURE.
>
>> A.  The Record Indicates That [J.L.] Was Never Informed That He Was Exposed To Civil Commitment Pursuant To The SVPA, Despite The Non-Sexual Nature Of the Predicate Offense To Which He Pleaded Guilty.
>>
>> B.  [J.L.] Received Ineffective Assistance Of Plea Counsel, Because Counsel Failed To Inform Him Of The Potential SVPA Consequences Of His Plea Bargain.
>
> POINT II – SUBSECTION (b) IS SO VAGUE AS TO RENDER THE STATUTE VOID FOR PURPOSES OF

8

ENTERING INTO A PLEA BARGAIN KNOWINGLY
AND INTELLIGENTLY.

We review the denial of the petition for PCR de novo when the PCR court does not conduct an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). To determine whether counsel was ineffective in providing assistance, we apply the well-established two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test). Under that test, we determine (1) whether defendant's plea counsel was constitutionally deficient, and (2) whether defendant suffered resulting prejudice. Strickland, 466 U.S. at 687.

Motions to withdraw guilty pleas are governed by Rule 3:21-1. After a defendant has been sentenced, he or she must demonstrate a "manifest injustice" to warrant a withdrawal. R. 3:21-1; State v. Slater, 198 N.J. 145, 156 (2009). "[T]he burden rests on the defendant to establish why the motion to withdraw his or her guilty plea should be granted." State v. Luckey, 366 N.J. Super. 79, 86 (App. Div. 2004). Moreover, "the trial court has considerable discretion in entertaining such a motion, and our review must recognize the discretion to which the trial court's decision is due." Id. at 87 (first citing State v. Bellamy, 178 N.J. 127, 135 (2003); then citing State v. Deutsch, 34 N.J. 190, 197 (1961)).

A-0513-17T3

Defendant's argument to withdraw his plea and his argument of ineffective assistance of counsel both depend on whether he needed to be informed that his plea to impersonating a law enforcement officer subjected him to civil commitment under the SVPA. We hold that such notice was not required given the non-sexual nature of defendant's plea and, accordingly, we reject both of defendant's arguments. To place the arguments in context, we will briefly summarize the SVPA and discuss when notice of the potential for civil commitment is required in connection with a guilty plea.

The SVPA provides for civil commitment of individuals proven to be "sexually violent predators" by clear and convincing evidence. N.J.S.A. 30:4-27.25; Bellamy, 178 N.J. at 136 (citing In re Commitment of W.Z., 173 N.J. 109, 120 (2002)). The statute defines a "sexually violent predator" as

> a person who has been convicted . . . of a sexually violent offense . . . and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.
>
> [N.J.S.A. 30:4-27.26.]

At a civil commitment hearing, the State is required to establish three elements:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he [or she] suffers from a mental abnormality or personality disorder; and (3) that

as a result of his [or her] psychiatric abnormality or disorder "it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend."

[In re Civil Commitment of R.F., 217 N.J. 152, 173 (2014) (citations omitted) (first citing N.J.S.A. 30:4-27.26; then quoting W.Z., 173 N.J. at 130).]

The SVPA defines sexually violent offenses as certain enumerated offenses (predicate offenses) and other offenses for which the court makes a specific finding. In that regard, a "sexually violent offense" means:

(a) aggravated sexual assault; sexual assault; aggravated criminal sexual contact; kidnapping pursuant to subparagraph (b) of paragraph (2) of subsection c. of [N.J.S.A. 2C:13-1]; criminal sexual contact; felony murder pursuant to paragraph (3) of [N.J.S.A. 2C:11-3] if the underlying crime is sexual assault; an attempt to commit any of these enumerated offenses; or a criminal offense with substantially the same elements as any offense enumerated above, entered or imposed under the laws of the United States, this State or another state; or

(b) any offense for which the court makes a specific finding on the record that, based on the circumstances of the case, the person's offense should be considered a sexually violent offense.

[N.J.S.A. 30:4-27.26.]

In 2003, our Supreme Court held that a defendant who pleads guilty to a predicate offense must be advised of the potential for civil commitment under the SVPA. Bellamy, 178 N.J. at 139-40. In that regard, the Court held:

> [W]hen the consequence of a plea may be so severe that a defendant may be confined for the remainder of his or her life, fundamental fairness demands that the trial court inform defendant of that possible consequence. The failure of either the court or defense counsel to inform defendant that a possible consequence of a plea to a predicate offense under the [SVPA] is future confinement for an indefinite period deprives that defendant of information needed to make a knowing and voluntary plea.
>
> [Ibid. (citing R. 3:9-2).]

In 2009, our Supreme Court interpreted subsection (b) of N.J.S.A. 30:4-27.26 to authorize civil commitment for an offense not enumerated under subsection (a) if the State can establish that defendant engaged in conduct "substantially equivalent . . . to the conduct captured by the offenses listed in subsection (a)." In re Commitment of J.M.B., 197 N.J. 563, 595 (2009). In J.M.B., the Court also held that the determination under subsection (b) "may be made by the committing court." Id. at 577. The Court recognized that "[t]he SVPA clearly contemplated that such a determination might be made after the fact of conviction and at the time commitment is sought because the SVPA

12

plainly applies to persons whose convictions preceded the SVPA's enactment." Ibid.

The Court in J.M.B. did not expressly address whether a defendant pleading guilty to an offense not listed in subsection (a) (that is, a non-predicate offense) must be advised of the potential that a court may later find that the offense satisfies subsection (b) and that the defendant may be civilly committed. Nevertheless, the Court noted that if the person being committed had a prior conviction for a sexual offense, that person could not "convincingly claim that he [or she] lacked notice that he [or she] was vulnerable to the SVPA's consequences when he [or she] had a past conviction for substantially the same conduct as would constitute a crime defined by the Legislature as a sexually violent offense under subsection (a)." Id. at 600.

J.L. has cited to no case requiring the court or defense counsel to notify defendant entering a guilty plea to a non-predicate offense that he or she may be subject to civil commitment under the SVPA. Moreover, we have found no such case. Furthermore, this is not a situation where defendant has only a non-predicate conviction exposing him to civil commitment under the SVPA. We therefore hold that, given J.L.'s criminal record, there was no requirement that

13

he be advised of the potential for a civil commitment under the SVPA when he pled guilty to impersonating a law enforcement officer.

We note that the record here does not clearly establish that J.L.'s conviction for impersonating a law enforcement officer was treated as a sexually violent offense under N.J.S.A. 30:4-27.26(b). That determination needed to be made at the commitment hearing and, as we already pointed out, we were not provided with the order or the transcript from the actual commitment hearing.

Nevertheless, in 2004, J.L. had been convicted of attempted sexual assault, which is a predicate act listed under subsection (a) of N.J.S.A. 30:4-27.26. Moreover, the record establishes that in 2004, J.L. was given notice that he was thereafter subject to civil commitment. Given those facts, defendant was not required to be notified of the potential for civil commitment when he pled guilty to impersonating a law enforcement officer in 2015. Consequently, defendant has failed to demonstrate a prima facie case that his plea counsel was ineffective under the first prong of Strickland.

We also conclude that defendant failed to establish a prima facie showing under the second prong of Strickland. As just noted, defendant had previously been informed that he was subject to civil commitment in 2004. Thus, in 2015, when he pled guilty to impersonating a law enforcement officer, had he been

informed that the State would be able to seek civil commitment under N.J.S.A. 30:4-27.26(b), he would have had the choice of accepting the plea or going to trial on the charges in the indictment, which included two counts of second-degree aggravated sexual assault. Those aggravated sexual assault charges would have exposed defendant to considerably more prison time than had been offered under the plea agreement. The record does not demonstrate that defendant would have chosen not to enter the plea based on a Bellamy warning, especially given that he was already exposed to civil commitment under the SVPA. Therefore, defendant has not demonstrated that there was a reasonable probability that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Having found that J.L.'s attorney was not constitutionally ineffective, we also conclude that the denial of J.L.'s application to withdraw the plea was correct and not an abuse of discretion. Defendant does not claim that he did not impersonate a law enforcement officer, and he has not satisfied any of the other factors required for withdrawing a guilty plea after sentencing. See Slater, 198 N.J. at 157-58.

Finally, we reject defendant's argument that subsection (b) of N.J.S.A. 30:4-27.26 is unconstitutionally vague. Our Supreme Court has already held

that N.J.S.A. 30:4-27.26(b) is not unconstitutionally vague. J.M.B., 197 N.J. at 599 ("[O]ur narrow interpretation of subsection (b)'s reach defeats [the] claim that the provision's definition of a sexually violent offense is unconstitutionally vague."). Moreover, defendant did not raise this issue before the PCR court. Thus, to the extent that defendant is trying to raise an issue not addressed by J.M.B., we decline to consider that issue for the first time on this appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) ("In this state, '[i]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court . . . unless the questions so raised on appeal . . . concern matters of great public interest.'" (first alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0513-17T3