# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2252-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

DWAYNE DOVE, a/k/a
DWAYNE SCOTT DOVE,

      Defendant-Appellant.

_____

      Argued May 29, 2019 – Decided June 21, 2019

      Before Judges Yannotti and Rothstadt.

      On appeal from Superior Court of New Jersey, Law Division, Warren County, Accusation No. 14-07-0252.

      Andrew Robert Burroughs, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Andrew Robert Burroughs, on the briefs).

      Dit Mosco, Assistant Prosecutor, argued the cause for respondent (Richard T. Burke, Warren County Prosecutor, attorney; Kelly A. Shelton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dwayne Dove appeals from the Law Division's October 26, 2017 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty on July 12, 2004 in Union County to one count of third degree attempting to lure a minor into a vehicle, N.J.S.A. 2C:13-6. The court sentenced defendant to probation and placed him on Community Supervision for Life (CSL) under Megan's Law, N.J.S.A. 2C:7-1 to -23.[1] Following a violation of his probation in 2005, defendant was sentenced to continued probation and remained on CSL.

In 2006, defendant signed the conditions of CSL, which required him, among other things, to obtain permission from his parole officer prior to leaving the State. In 2008, the New Jersey State Parole Board (Board) required him to wear a GPS ankle tracker.

Defendant never appealed from his convictions or sentences or moved to withdraw his 2004 guilty plea. He also never appealed from the Board's final

---

[1] "CSL is a component of the Violent Predator Incapacitation Act, which is also a component of a series of laws, enacted in 1994, commonly referred to as 'Megan's Law.' . . . [and] is designed to protect the public from recidivism by sexual offenders." State v. Perez, 220 N.J. 423, 436-37 (2015).

decision that required him to wear the tracking device. Instead, defendant filed several PCR petitions, the first of which was dismissed on October 2, 2008 and two subsequent petitions were withdrawn.

By March 2014, defendant was living in Warren County. On March 27, 2014, defendant dismantled the GPS device and left the State without informing his parole officer, contrary to the conditions of his CSL. Defendant was later charged in a complaint with fourth-degree violation of the terms of his CSL, N.J.S.A. 2C:43-6.4(d); third-degree interference with the GPS tracker, N.J.S.A. 30:4-123.95; and third-degree failure to comply with monitoring requirements, N.J.S.A. 30:4-123.94. Defendant was later apprehended in Pennsylvania.

After his extradition, on July 18, 2014, defendant pled guilty pursuant to a plea agreement to an accusation that only charged him with the one count of fourth-degree violating the conditions of CSL. At his plea hearing, defendant admitted that he violated CSL by leaving the State without permission. As part of his plea, defendant agreed to restitution for the damaged GPS tracker. As stated in his plea agreement, he expressly agreed to make the payment for the damage, even though the GPS device related charges were being dismissed. The court sentenced defendant to 364 days in jail and dismissed all other charges against him, all in accordance with his plea agreement.

A-2252-17T3

Defendant filed another PCR petition on January 2, 2016 in Union County in which he argued that being placed on CSL one year after being discharged from probation violated his constitutional rights against double jeopardy. The PCR court dismissed defendant's contention as being time-barred. It found that defendant "failed to state a cause of action warranting relaxation of the time bar and assignment of counsel . . . ." Citing to Rule 3:22-12(a), it observed that the petition was filed more than eleven years after sentencing and ten years after defendant signed the CSL conditions. The court also found defendant's argument to be meritless because the issue was "not something [he] could not have discovered with due diligence" and the original sentence included a probationary sentence as well as CSL. An order reflecting the court's decision was entered on July 11, 2017. Defendant did not appeal from that order.

While his Union County PCR petition was pending, on August 15, 2016, defendant filed another PCR petition, this time in Warren County, challenging his 2014 conviction. Defendant submitted a brief in support of his petition on May 22, 2017, in which he argued that he received ineffective assistance of counsel (IAC) in 2014 because counsel did not review the case and allowed him to plead guilty "to a charge that was in violation of his . . . equal protection and due process [rights], in that he was charged and convicted in spite of the

A-2252-17T3

charge(s) putting him in double jeopardy" and violating the ex post facto clauses of the state and federal constitutions. Defendant also argued that he was entitled to an evidentiary hearing.

Judge John H. Pursel considered the parties' submissions and oral arguments before denying defendant's petition and placing his reasons for doing so on the record on October 25, 2017. The judge found that there was no evidence that plea counsel was ineffective so a hearing was not necessary. He distinguished the 2004 and 2014 convictions, noting that defendant never moved to withdraw his guilty plea in Union County and the opportunity to do so had since expired. The judge concluded that there was no evidence of IAC in Warren County and he was "unable to [e]ffect any changes" in Union County because of "parallel jurisdiction." Judge Pursel's October 26, 2017 order reflected the denial of defendant's application for an evidentiary hearing and noted that his "petition for . . . [PCR] [wa]s dismissed for failure to state a claim." This appeal followed.

Defendant presents the following issues for our consideration in his appeal.[2]

---

[2] On June 21, 2018, we denied defendant's motion for remand to decide the matter on the merits.

POINT I

AS THE PCR COURT MISAPPREHENDED PETITIONER'S CLAIM, THAT MATTER MUST BE REMANDED FOR A NEW HEARING.

POINT II

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

POINT III

THIS COURT MAY EXERCISE ITS ORIGINAL JURISDICTION TO ADJUDICATE PETITIONER'S CLAIM ON ITS MERITS.

In support of his arguments, defendant asserts that his PCR petition did not challenge his 2004 conviction, but only "the application of the GPS device . . . and his subsequent punishment when he removed the device."  He contends that by his agreeing to pay for the damage to the GPS device, in 2014, "the application of the GPS device violated the ex post facto clause of the U.S. Constitution," and the matter was properly presented to the court in Warren County.  According to defendant, the Board "forced [him] to wear an ankle GPS bracelet [in 2008]. . . . [which] was not a condition when [he] pled guilty in 2004."  It was only when the Board imposed the requirement that he contends he was "placed in jeopardy of violating N.J.S.A. 30:4-123.95 . . . . [and

subjected to] 'a greater punishment than the law annexed to the crime when committed.'"

According to defendant, his 2014 plea counsel should have contended that the punishment for removing and damaging the device was unconstitutional since the imposition of the device was not part of the original sentence. He argues that "the matter of the GPS [tracker] was properly before the PCR court" by virtue of the requirement to pay restitution. He avers that he is entitled to an evidentiary hearing based on the claims raised in his PCR petition and argues that he was prepared to provide evidence that wearing the tracker caused emotional distress. Defendant argues that, in the alternative, we should exercise original jurisdiction under Rule 2:10-5 in order to determine whether his constitutional rights have been violated as a result of the Board's application of a GPS tracker to his ankle.

Because Judge Pursel denied defendant's PCR petition without an evidentiary hearing, our review is de novo. We "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 419, 421 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We conclude from our de novo review that defendant's contentions on appeal are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm the denial of defendant's petition substantially for reasons expressed by Judge Pursel. We add only the following comments.

Defendant's Warren County conviction had nothing to do with requiring defendant to wear the GPS device. That was the result of his conviction in Union County many years ago and the Board's decision. Defendant never appealed from those decisions although he could have. A PCR petition can never be a substitute for an appeal. R. 3:22-3. Moreover, defendant's Warren County conviction did not impose any punishment on him for tampering with his GPS device under N.J.S.A. 30:44-123.95 as that charge was dismissed. The only reason defendant was compelled to pay for the damages to the device was his express agreement to do so.

Finally, even if defendant presented a cognizable PCR claim, there is no evidence that defendant's constitutional rights were violated by virtue of being required to use the GPS device while he remained on CSL. Cf. Riley v. N.J. State Parole Bd., 219 N.J. 270 (2014) (finding that monitoring and supervision requirements violated the ex post facto clauses of the United States and New Jersey Constitutions when retroactively applied to a convicted sex offender who

served his entire sentence and was released under no form of parole supervision). Nor was defendant subjected to the enhanced penalty provision of the 2014 amendment to N.J.S.A. 2C:43-6.4, which would have subjected him to an ex post facto law. See State v. Hester, 233 N.J. 381, 385 (2018) ("bar[ring] the retroactive application of the 2014 Amendment to defendants' CSL violations"). Accordingly, defendant's petition would have failed to establish any claim of IAC based on his 2014 plea counsel's alleged failure to advise him his rights would be violated if he pleaded guilty. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating the two-pronged test for IAC); see also State v. Fritz, l05 N.J. 42, 49 (l987) (adopting the Strickland standard).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION