JUSTICE ALBIN delivered the opinion of the Court.
*238 **384 Under the Violent Predator Incapacitation Act, L. 1994, c. 130, §§ 1 and 2, a defendant convicted of certain sex offenses pursuant to N.J.S.A. 2C:43-6.4 is required to serve a special sentence of community supervision for life (CSL).[1] We must determine the **385 constitutionality of the retroactive application of the 2014 Amendment to N.J.S.A. 2C:43-6.4 (2014 Amendment), L. 2013, c. 214, § 4 (effective July 1, 2014), which increased the punishment for the CSL violations committed by the four defendants in this case.
As a result of their sex-offense convictions, all four defendants were required to serve a special sentence of community supervision for life after completion of their prison terms. The commission of their offenses, the judgments of their convictions, and the commencement of their sentences all preceded passage of the 2014 Amendment. Before the 2014 Amendment, a violation of the terms of CSL was punishable as a fourth-degree crime. See L. 1994, c. 130, § 2. The 2014 Amendment increased a CSL violation to a third-degree crime punishable by a presumptive term of imprisonment, and such a violation converted CSL to parole supervision for life (PSL). See N.J.S.A. 2C:43-6.4(a) and (d) ; see also L. 2013, c. 214, § 4. Unlike CSL, PSL authorizes the New Jersey Parole Board to revoke an offender's supervised release for a PSL violation and to return the offender to prison. See N.J.S.A. 2C:43-6.4(b).
After enactment of the 2014 Amendment, all four defendants allegedly violated the terms of their CSL. They were indicted for committing third-degree offenses and faced the increased penalties provided by that Amendment. The trial courts presiding over defendants' cases concluded that the 2014 Amendment's enhanced penalties, as applied to defendants, violated the Ex Post Facto Clauses of the United States and New Jersey Constitutions and dismissed the indictments. The Appellate Division affirmed. State v. Hester, 449 N.J. Super. 314, 318, 157 A.3d 865 (App. Div. 2017).
We now hold that the Federal and State Ex Post Facto Clauses bar the retroactive application of the 2014 Amendment to defendants' CSL violations. A law that retroactively increases or makes more burdensome the punishment of a crime is an ex post facto law. Riley v. Parole Bd., 219 N.J. 270, 284-85, 98 A.3d 544 (2014). Community supervision for life was a punishment imposed on defendants at the time *239 they were sentenced. See id="p386" href="#p386" data-label="386" data-citation-index="2" class="page-label">**386id. at 288-89, 98 A.3d 544. The 2014 Amendment retroactively increased the punishment for defendants' earlier committed sex offenses by enhancing the penalties for violations of the terms of their supervised release. The Amendment, therefore, is an ex post facto law that violates our Federal and State Constitutions as applied to defendants.
We affirm the judgment of the Appellate Division dismissing defendants' indictments.
I.
A.
In separate proceedings, defendants Melvin Hester, Mark Warner, Anthony McKinney, and Linwood Roundtree were convicted of sex offenses and sentenced to serve special sentences of community supervision for life in accordance with N.J.S.A. 2C:43-6.4, after completion of the custodial portions of their sentences.[2] All four defendants had committed their sex offenses more than ten years before the enactment of the 2014 Amendment to N.J.S.A. 2C:43-6.4 and were sentenced under an earlier iteration of that statute.
At the time of defendants' sentencing proceedings, under the 1994 version of N.J.S.A. 2C:43-6.4, a trial court was required to impose "a special sentence of community supervision for life" on any defendant who committed an enumerated sex offense before January 14, 2004.[3] See L. 1994, c. 130, § 2 (codified at N.J.S.A. 2C:43-6.4 (1995) ); L. 2003, c. 267, § 1 (PSL effective Jan. 14, **387 2004); N.J.A.C. 10A:71-6.11(a) and (b). Under CSL, convicted sex offenders, such as defendants, are "supervised as if on parole and subject to conditions appropriate to protect the public and foster rehabilitation." L. 1994, c. 130, § 2; N.J.A.C. 10A:71-6.11(b); see also State v. Schubert, 212 N.J. 295, 305-08, 53 A.3d 1210 (2012).
As part of their CSL obligations, defendants were required to abide by more than twenty general conditions governing the terms of their supervised release. N.J.A.C. 10A:71-6.11(b). The general conditions relevant to this appeal obligated each defendant: to report to his "assigned parole officer as instructed," N.J.A.C. 10A:71-6.11(b)(2); to "[r]eside at a residence approved by the assigned parole officer," N.J.A.C. 10A:71-6.11(b)(7); to "[o]btain the permission of the assigned parole officer prior to any change of residence," N.J.A.C. 10A:71-6.11(b)(8); and to "[c]omply with any curfew established by the assigned parole officer," N.J.A.C. 10A:71-6.11(b)(19).
At the time defendants' sentences were imposed, a violation of any of the terms of the general conditions of CSL constituted a fourth-degree crime punishable by no more than eighteen months in prison. L. 1994, c. 130, § 2; see also N.J.S.A. 2C:43-6(a)(4). In the event of a prosecution for a violation, defendants were entitled to all of the procedural protections of the criminal justice process, including the right to a grand jury presentation and trial by jury. The 1994 version of N.J.S.A. 2C:43-6.4 did not authorize the Parole Board to revoke *240 defendants' supervised release and return them to prison, as would be the case of a typical parolee. See L. 1994, c. 130, § 2.
B.
A brief history of subsequent amendments to N.J.S.A. 2C:43-6.4 gives context to the issue before us.
In 2003, the Legislature amended N.J.S.A. 2C:43-6.4, replacing community supervision for life with parole supervision for life. L. 2003, c. 267, § 1 (2003 Amendment). The 2003 Amendment did not simply give CSL a new name. Rather, it provided that an offender **388 sentenced to PSL would be in the legal custody of the Commissioner of the Department of Corrections and under the supervision of the State Parole Board for life. Ibid. Under the 2003 Amendment, a PSL violation could be prosecuted as a fourth-degree offense, N.J.S.A. 2C:43-6.4(d), or treated as a parole violation, N.J.S.A. 2C:43-6.4(b). In contrast, under CSL, in the event of a violation of a term of supervised release, the Parole Board's only option is referral to the appropriate prosecuting authority, which then decides whether to present the case to a grand jury. See Perez, 220 N.J. at 441, 106 A.3d 1212. The Parole Board has no power to "return a defendant [on CSL] to prison through the parole-revocation process." Ibid. (citing Sanchez v. Parole Bd., 368 N.J. Super. 181, 184, 845 A.2d 687 (App. Div. 2004) ).
One other noteworthy distinction between CSL and PSL is that a defendant on CSL who commits an enumerated offense is subject to a mandatory extended term, but is eligible for parole, N.J.S.A. 2C:43-6.4(e)(1) (law effective in 2003 and earlier), whereas a defendant on PSL who commits the same offense is subject to a mandatory extended term, but must serve the entirety of his sentence and then resume his PSL status, N.J.S.A. 2C:43-6.4(d). Perez, 220 N.J. at 441-42, 106 A.3d 1212.
In 2015, this Court concluded in Perez that the 2003 Amendment to N.J.S.A. 2C:43-6.4, which substituted PSL for defendants already on CSL, violated the Ex Post Facto Clauses of our Federal and State Constitutions because the conversion enhanced the penal exposure of those convicted of crimes when CSL was the applicable law. Id. at 442, 106 A.3d 1212.
In 2014, the Legislature again amended N.J.S.A. 2C:43-6.4. L. 2013, c. 214, § 4. That Amendment provides that a defendant on CSL who violates the terms of his supervised release may be prosecuted for committing a third-degree crime:
A person who violates a condition of a special sentence of community supervision for life ... pursuant to this section without good cause is guilty of a crime of the third degree [and] ... shall be sentenced to a term of imprisonment, unless the court is clearly convinced that the interests of justice so far outweigh the need to **389 deter this conduct and the interest in public safety that a sentence to imprisonment would be a manifest injustice.
[ N.J.S.A. 2C:43-6.4(d) (emphasis added).]
The statutory language makes clear that a defendant convicted of a CSL violation faces a presumption of imprisonment.
Under the 2014 Amendment, a conviction for a CSL violation also converts a defendant's CSL status to PSL status. The Amendment in relevant part provides:
[A] judge imposing sentence on a person who has been convicted of ... violating a condition of a special sentence of community supervision for life ... shall include, in addition to any sentence authorized by this Code, a special sentence of parole supervision for life.
*241 [ N.J.S.A. 2C:43-6.4(a).]
C.
Based on the 2014 Amendment, the Essex County Grand Jury returned four separate indictments charging defendants Hester, Warner, McKinney, and Roundtree with violating the general conditions of their CSL. All four defendants were charged with third-degree offenses: (1) Hester for failing to reside at a residence approved by a parole officer, to obtain permission to change his address, and to comply with curfew requirements; (2) Warner for failing to reside at a residence approved by a parole officer and to obtain permission to change his address; (3) McKinney for failing to report to his parole officer; and (4) Roundtree for failing to reside at a residence approved by a parole officer, to obtain permission to change his address, and to report to his parole officer.
As a consequence of the 2014 Amendment, each defendant, if convicted, faced a three-to-five-year prison term with a presumption of incarceration and the imposition of a special sentence of parole supervision for life. See N.J.S.A. 2C:43-6(a)(3) ; N.J.S.A. 2C:43-6.4(a) and (d).
**390 D.
The trial judges presiding over defendants' cases found that the 2014 Amendment to N.J.S.A. 2C:43-6.4 constituted an ex post facto law as applied to defendants who were on community supervision for life at the time of the alleged violations. Because the Amendment increased the punishment for a violation of the general conditions of defendants' supervised release from a fourth-degree offense (the law in effect when defendants committed their underlying offenses) to a third-degree offense, the judges determined that the 2014 Amendment, as applied, violated the Ex Post Facto Clauses of the United States and New Jersey Constitutions.
The Appellate Division affirmed. Hester, 449 N.J. Super. at 318, 157 A.3d 865. The panel held that, in contravention of the Federal and State Ex Post Facto Clauses, the 2014 Amendment retroactively increased defendants' punishment for a CSL violation by elevating the penalty from a fourth-degree to a third-degree crime and by mandating the imposition of PSL. Ibid. In an opinion written by Judge Fasciale, the panel rejected the State's argument that the Amendment did not increase the punishment for defendants' pre-2014 sex offenses but rather punished the commission of new crimes-the CSL violations. Id. at 328-31, 157 A.3d 865.
We granted the State's petition for certification. 233 N.J. 115, 182 A.3d 1283, 2017 WL 9470758 (2017).
II.
A.
The State argues that the Appellate Division erred in finding that the 2014 Amendment to N.J.S.A. 2C:43-6.4 constituted an ex post facto law as applied to defendants. The State maintains that the 2014 Amendment placed defendants on notice that if they violated the conditions of CSL, they would face conviction for a third-degree offense and conversion of CSL to PSL. Because defendants committed their CSL violations after the effective date **391 of the Amendment, the State reasons that they committed new crimes subject to new statutory punishments and therefore the Amendment did not relate back or increase the punishment for defendants' predicate sex offenses.
B.
Defendants urge this Court to affirm the Appellate Division's dismissal of their indictments *242 on ex post facto grounds. Defendants contend that the 2014 Amendment substantively altered the terms of their supervised release by exposing them to an enhanced punishment-a third-degree rather than a fourth-degree crime-for a CSL violation and conversion of their CSL status to PSL status. They claim that when a defendant is placed on supervised release, any statutory amendment enhancing the punishment for a CSL violation, beyond the punishment existing at the time of the commission of the predicate offense, relates back to the predicate offense and cannot be retroactively applied.[4]
III.
A.
The United States and New Jersey Constitutions prohibit our State from passing an "ex post facto Law." U.S. Const. art. I, § 10, cl. 1 ("No State shall ... pass any ... ex post facto Law[.]"); N.J. Const. art. IV, § 7, ¶ 3 ("The Legislature shall not pass any ... ex post facto law[.]"). An ex post facto law includes "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) ; see also Riley, 219 N.J. at 284-85, 98 A.3d 544. Thus, "any statute ... which makes more burdensome the punishment for a crime, after **392 its commission, ... is prohibited as ex post facto." Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925).
We have construed New Jersey's Ex Post Facto Clause in the same manner as its federal counterpart. Riley, 219 N.J. at 284, 98 A.3d 544 ; Doe v. Poritz, 142 N.J. 1, 42, 662 A.2d 367 (1995). Both Ex Post Facto Clauses ensure "that individuals can rely on laws until they are 'explicitly changed,' " and "restrict[ ] the government from passing 'potentially vindictive legislation.' " Riley, 219 N.J. at 284, 98 A.3d 544 (quoting Carmell v. Texas, 529 U.S. 513, 566, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) ). Both Clauses are "aimed at laws that 'retroactively ... increase the punishment for criminal acts.' " Perez, 220 N.J. at 438, 106 A.3d 1212 (quoting Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) ).
An ex post facto law is defined by two critical elements. "[F]irst, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.' " Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (quoting Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) ). A retroactive law that merely effects a procedural change to a statutory scheme will fall outside of the constitutional prohibition. Ibid. (citing Dobbert v. Florida, 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) ); Perez, 220 N.J. at 438-39, 106 A.3d 1212. In contrast, a law that retroactively "imposes additional punishment to an already completed crime" disadvantages a defendant, and therefore is a prohibited ex post facto law. See Riley, 219 N.J. at 285, 98 A.3d 544 (citing Kansas v. Hendricks, 521 U.S. 346, 370, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) ).
The State contends that the "completed crime" is the CSL violation, whereas defendants assert that the "completed crime" is the predicate offense. Here, because the additional punishment attaches *243 to a condition of defendants' sentences, the "completed crime" necessarily relates back to the predicate offense. See **393 Perez, 220 N.J. at 442, 106 A.3d 1212 ; see also Hester, 449 N.J. Super. at 318, 157 A.3d 865 (holding that "the predicate crime, for which defendants received the special sentence of CSL, is the operative 'crime' " in determining that 2014 Amendment violated Ex Post Facto Clauses).
B.
Parole and probation are punishments imposed for the commission of a crime, Riley, 219 N.J. at 288, 98 A.3d 544, and parole "is, in legal effect, imprisonment," Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923). "Community supervision for life and its corollary parole supervision for life are merely indefinite forms of parole" and are also classified as punishment. Riley, 219 N.J. at 288-89, 98 A.3d 544 ; see also Perez, 220 N.J. at 441, 106 A.3d 1212 ("[T]he Legislature has manifested that CSL and PSL were and are intended to be penal rather than remedial post-sentence supervisory schemes.").
A statute that retroactively imposes increased "postrevocation penalties [on a scheme of supervised release] relate[s] to the original offense," raising the issue of whether the defendant is "worse off" for ex post facto purposes. Johnson v. United States, 529 U.S. 694, 701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000).[5] In finding that postrevocation penalties must be attributed to an original conviction, the United States Supreme Court in Johnson referred to its summary affirmance of a three-judge panel in Greenfield v. Scafati, 277 F.Supp. 644 (D. Mass. 1967), aff'd, 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250 (1968), which "forbade on ex post facto grounds the application of a Massachusetts statute imposing sanctions for violation of parole to a prisoner originally sentenced before its enactment." 529 U.S. at 701, 120 S.Ct. 1795.
**394 In that case, Greenfield was sentenced to prison under a law that entitled him to good-conduct deductions from his sentence for the duration of his incarceration. 277 F.Supp. at 644-45. While Greenfield was still imprisoned, Massachusetts amended the law, which then provided that a paroled prisoner who violated the terms of his release and was returned to prison would be ineligible for good-conduct deductions for the first six months of his reincarceration. Id. at 645. After being paroled, Greenfield violated the terms of his release and was returned to prison. Ibid. Greenfield challenged on ex post facto grounds the amended law's denial of good-conduct deductions for the period after his reincarceration. Id. at 644-45. The three-judge federal district court panel rejected the argument that the amended law was not an ex post facto law because Greenfield was on notice of its consequences before he violated parole. Id. at 646. The panel held that the statute denying Greenfield good-conduct deductions, enacted after the commission of his offense and imposition of his sentence, "materially 'alter[ed] the situation of [Greenfield] to his disadvantage' " and therefore constituted prohibited ex post facto legislation. Ibid. (quoting State ex rel. Woodward v. Bd. of Parole, 155 La. 699, 99 So. 534, 536 (1924) ).
*244 In Weaver, the Supreme Court approvingly cited Scafati for the proposition that an inmate cannot be "disadvantaged by new restrictions on eligibility for release" based on a statute enacted after the commission of the inmate's crime. 450 U.S. at 34, 101 S.Ct. 960.
In keeping with those precedents, our Court has held that a law that retroactively increases the punishment for a CSL violation constitutes an ex post facto law. In Perez, the defendant was serving a special sentence of community supervision for life pursuant to N.J.S.A. 2C:43-6.4 for crimes committed in 1998 when he was convicted in 2011 of child luring and endangering the welfare of a child. 220 N.J. at 428-29, 106 A.3d 1212. The 2003 Amendment to N.J.S.A. 2C:43-6.4"replaced all references to 'community supervision for life' with 'parole supervision for life.' "
**395 Id. at 429, 106 A.3d 1212 (citing L. 2003, c. 267, § 1). The trial court sentenced defendant to a mandatory extended term without parole eligibility, as though he had violated the terms of PSL, based on the 2003 Amendment. Id. at 429, 431, 437-38, 106 A.3d 1212. By contrast, if the pre-amendment version of N.J.S.A. 2C:43-6.4 applied, the defendant, given his CSL status, would have been subject to a mandatory extended term for the new offenses but eligible for parole. Id. at 438, 106 A.3d 1212. Because the defendant was sentenced under the amended statute's PSL designation, he was also subject to the Parole Board's authority to revoke his supervised release. Id. at 441, 106 A.3d 1212.
We concluded in Perez that the 2003 Amendment rendered more than "a simple change in nomenclature" or "a simple clarification of the Legislature's intent about the nature of the special condition of post-sentence supervision of certain sexual offenders." Id. at 440-43, 106 A.3d 1212. The 2003 Amendment to N.J.S.A. 2C:43-6.4 required the defendant "to spend many additional years in prison due to this so-called clarification." Id. at 442, 106 A.3d 1212. Accordingly, we held that the 2003 Amendment "enhances the punitive consequences of the special sentence of CSL to [the defendant's] detriment and violates the federal and state prohibition of ex post facto legislation." Ibid.
We now turn to the facts of the case before us.
IV.
A.
All four defendants committed sex offenses long before the 2014 Amendment to N.J.S.A. 2C:43-6.4. As a result, they were convicted and sentenced to prison terms and a special sentence of CSL. The terms of their CSL required that they abide by certain general conditions, which included reporting to a parole officer, securing the officer's permission to live at a residence or change an address, and complying with any curfew imposed by the officer. N.J.A.C. 10A:71-6.11(b)(2), (7), (8), and (19). At the time of the **396 commission of their offenses, a violation of a general condition of CSL was punishable as a fourth-degree crime. After the 2014 Amendment, the same violation is not only punishable as a third-degree crime, with a presumption of imprisonment, but also converts a defendant's CSL into PSL. See N.J.S.A. 2C:43-6.4(a) and (d).
Under PSL, the Parole Board has the authority to simply revoke a defendant's supervised release for a violation of a general condition and bypass the panoply of procedural rights afforded under the criminal justice system, such as the rights to trial by jury and to have guilt proven *245 beyond a reasonable doubt.[6] In Perez, the State conceded "that the almost-universal practice since the enactment of [PSL] is to revoke a defendant's parole and return him to prison" for a condition-of-release violation rather than prosecute him for a crime. 220 N.J. at 441, 106 A.3d 1212.
B.
The State contends that the 2014 Amendment is a classic recidivist statute that enhances the punishment for subsequent offenses and therefore is not an ex post facto law. However, the 2014 Amendment operates differently than recidivist statutes that have withstood challenge under the Federal and State Ex Post Facto Clauses. See, e.g., State v. Oliver, 162 N.J. 580, 587, 745 A.2d 1165 (2000).
In Oliver, we upheld the constitutionality of New Jersey's three-strikes law, N.J.S.A. 2C:43-7.1, which mandated the imposition of a life sentence without the possibility of parole for defendants convicted of certain violent crimes on three separate occasions. Id. at 583-85, 595, 745 A.2d 1165. In doing so, we noted that the United States Supreme Court has found "that recidivist statutes **397 do not violate the Ex Post Facto Clause if they were on the books at the time the triggering offense was committed." Id. at 587, 745 A.2d 1165 (citing Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) ). In Oliver, the three-strikes law was on the books at the time the defendant committed the third qualifying violent offense, and therefore he was on notice of the legal consequences of his conduct. Id. at 587-91, 745 A.2d 1165.
Importantly, the three-strikes law and other recidivist statutes enhance a defendant's punishment for a subsequent crime because of that defendant's commission of previous crimes. Had defendants in the present cases committed a crime, such as another sex offense-as opposed to violations of the general conditions of their supervised release-an applicable recidivist statute would allow an enhanced punishment for the subsequent offense. See, e.g., N.J.S.A. 2C:14-6. But here, the 2014 Amendment related not to the commission of a subsequent crime but rather to the terms of the sentence imposed for defendants' prior crimes. The supervised release requirements of reporting to a parole officer, securing permission to live at a residence or change an address, and complying with any curfew imposed were integral parts of defendants' special sentences of CSL. The punishment for violating those regulatory requirements-and other regulations set forth in N.J.A.C. 10A:71-6.11(b)-was established when defendants committed their crimes and received their sentences.
This case is not substantively different from Perez, where we held that the 2003 Amendment to N.J.S.A. 2C:43-6.4, which retroactively altered a defendant's status from CSL to PSL, exposed a defendant to an increased punishment for a violation of supervised release, and therefore contravened the Federal and State Ex Post Facto Clauses. 220 N.J. at 427-28, 442, 106 A.3d 1212. This case is also indistinguishable from Scafati, where the United States Supreme Court affirmed a three-judge federal district court panel's injunction of a Massachusetts law that retroactively altered the manner of awarding good-conduct deductions **398 after the defendant's sentence but before he violated parole. *246 390 U.S. 713, 88 S.Ct. 1409 ; 277 F.Supp. at 644-46.
The 2014 Amendment to N.J.S.A. 2C:43-6.4"enhances the punitive consequences of the special sentence of CSL to [the defendant's] detriment" in the same way that the 2003 Amendment did in Perez. See 220 N.J. at 442, 106 A.3d 1212. Moreover, the 2014 Amendment retroactively imposes increased postrevocation penalties in the manner condemned by Scafati, 277 F.Supp. at 644-46, and Weaver, 450 U.S. at 34, 101 S.Ct. 960.
In effect, the 2014 Amendment materially altered defendants' prior sentences to their disadvantage-increasing to a third-degree crime a violation of the terms of their supervised release and converting their CSL to PSL, thus empowering the Parole Board to return them to prison for a violation, such as failing to report a change of address. The 2014 Amendment effected not a simple procedural change but rather one that offends the very principles animating the Ex Post Facto Clauses of our Federal and State Constitutions.
V.
For the reasons expressed, we hold that the retroactive application of the 2014 Amendment to N.J.S.A. 2C:43-6.4, which enhanced the punishments for defendants' violations of the terms of their supervised release under CSL, violates the Ex Post Facto Clause of the United States Constitution. We also hold that, independent of our federal constitutional analysis, the 2014 Amendment violates defendants' rights under the New Jersey Constitution's Ex Post Facto Clause. See Michigan v. Long, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). We therefore affirm the judgment of the Appellate Division dismissing defendants' indictments, which charged them with the third-degree crime of violating the general conditions of their supervised release under N.J.A.C. 10A:71-6.11(b).
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in JUSTICE ALBIN's opinion.

The Violent Predator Incapacitation Act is part of a statutory scheme known as "Megan's Law." State v. Perez, 220 N.J. 423, 436-37, 106 A.3d 1212 (2015).

Defendants' cases, which raised identical constitutional issues, were consolidated on appeal. Hester, 449 N.J. Super. at 317, 157 A.3d 865.

The enumerated sex offenses referenced above are "aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping pursuant to N.J.S.A. 2C:13-1(c)(2), endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child pursuant to N.J.S.A. 2C:24-4(a), luring or an attempt to commit any such offense." N.J.A.C. 10A:71-6.11(a).

Defendants' challenge to the constitutionality of the 2014 Amendment, as applied, is limited to those defendants on CSL for offenses that predated the enactment of the Amendment.

In Johnson, the United States Supreme Court elided the ex post facto issue by finding that a preexisting statute permitted the imposition of the same penalties for a violation of supervised release that the government argued were permissible under the later-enacted statute for which it argued retroactive application. See 529 U.S. at 701-13, 120 S.Ct. 1795.

At a parole-revocation hearing, the Parole Board may revoke a defendant's parole solely on clear and convincing evidence of a violation of the conditions of parole. N.J.S.A. 30:4-123.63(d). An administrative officer-not a judicial officer-sits as the final arbiter of the facts. See N.J.S.A. 30:4-123.63.