**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0904-16T1
                A-3490-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HAKUM BROWN, a/k/a HAKEEM
BROWN,

    Defendant-Appellant.

_____

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

RODNEY BROWN,

    Defendant-Respondent.

_____

Submitted March 11, 2019 – Decided July 31, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-06-1846 and Middlesex County, Indictment Nos. 15-06-0776, 15-10-1246, 16-06-0974, and 16-06-0975.

Joseph E. Krakora, Public Defender, attorney for appellant Hakum Brown (James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent State of New Jersey in A-0904-16 and appellant State of New Jersey in A-3490-16 (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent Rodney Brown (James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

"The statutory scheme known as 'Megan's Law,' N.J.S.A. 2C:7-1 to -19, requires that prescribed categories of sex offenders register with law enforcement agencies through a central registry maintained by the Superintendent of State Police. N.J.S.A. 2C:7-2(a)(1), 4(d)." In re N.B., 222 N.J. 87, 89 (2015). Registration facilitates "notice of the presence of such offenders in the community, the scope of that notice measured by the likelihood that such offenders will commit another sex offense[.]" Doe v. Poritz, 142 N.J. 1, 14 (1995). "The Registration and Notification Laws are not retributive laws,"

id. at 13, but are designed to "permit law enforcement officials to identify and alert the public when necessary for the public safety[,]" N.J.S.A. 2C:7-1(a), and "provide law enforcement with additional information critical to preventing and promptly resolving incidents involving sexual abuse and missing persons." N.J.S.A. 2C:7-1(b).

N.J.S.A. 2C:7-2(a)(3) criminalizes the "fail[ure] to register as required" under various provisions of the statute. N.J.S.A. 2C:7-2(c)(2) specifically governs the obligation to "register prior to release" from "a correctional . . . facility" and, "within [forty-eight] hours of release," to "also register with the chief law enforcement officer of the municipality in which the person resides . . . ." When Megan's Law was enacted in 1994, a person committed a fourth-degree crime if he or she failed to register as a sex offender as required under the statute. N.J.S.A. 2C:7-2(a), (c) (1994). However, in 2007, the Legislature increased the penalty for failing to register to a third-degree crime, L. 2007, c. 19.

Community supervision for life (CSL), a "component" of Megan's Law, "has its statutory source in N.J.S.A. 2C:43-6.4, the Violent Predator Incapacitation Act." State v. Schubert, 212 N.J. 295, 305 (2012). "N.J.S.A. 2C:43-6.4(a) directed that a trial court, when imposing a sentence for certain

enumerated offenses, . . . 'include, in addition to any sentence authorized by th[e] Code [of Criminal Justice], a special sentence of community supervision for life[,]'" ibid. (quoting N.J.S.A. 2C:43-6.4(a)), in order "to protect the public from recidivism by sexual offenders." State v. Perez, 220 N.J. 423, 437 (2015). Sex offenders "subject to CSL are supervised by the Parole Board and face a variety of conditions beyond those imposed on non-sex-offender parolees." Ibid. (citing N.J.A.C. 10A:71-6.11).

When first enacted, violating conditions of CSL was a fourth-degree crime. N.J.S.A. 2C:43-6.4(d) (1994). However, in 2014, the Legislature increased the penalty to a third-degree crime, punishable by a presumptive prison term. L. 2013, c. 214. Additionally, such a violation converted CSL to parole supervision for life (PSL), with added restrictions and enhanced consequences for violations. Ibid.[1] See N.J.S.A. 2C:43-6.4(b). Thereafter, in State v. Hester, 233 N.J. 381, 385 (2018), four defendants, who had been sentenced to CSL prior to the 2014 amendment, challenged the increased

_____

[1] Earlier, in 2004, the Legislature replaced CSL with PSL. L. 2003, c. 267. In Perez, 220 N.J. at 442, the Court held that applying the PSL amendments to defendants previously sentenced to CSL violated the Ex Post Facto Clauses of the federal and state constitutions. See U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3.

4

penalties that were applied to them. Our Supreme Court held that "the Federal and State Ex Post Facto Clauses bar[red] the retroactive application of the 2014 Amendment to defendants' CSL violations[,]" and affirmed the dismissal of their respective indictments. Ibid.

In these back-to-back appeals, we are asked to determine whether two defendants, Rodney Brown (R.B.) and Hakum Brown (H.B.),[2] who were ordered to comply with the registration requirements of Megan's Law when they were sentenced in 1995 and 2000, respectively, can now be charged as third-degree offenders based upon the 2007 amendment upgrading the penalty for failing to register. For the reasons that follow, we answer this question in the negative.

In R.B.'s case, R.B. was sentenced in 1995 to three years' imprisonment, compliance with Megan's Law, and CSL after pleading guilty to second-degree sexual assault, N.J.S.A. 2C:14-2. In 2015 and 2016, R.B. was charged in three separate Middlesex County indictments, Indictment Nos. 15-06-0776, 15-10-1246, and 16-06-0975, with a total of eleven counts of third-degree violating the conditions of CSL, N.J.S.A. 2C:43-6.4(d). In 2016, he was charged in a fourth indictment, Middlesex County Indictment No. 16-06-0974, with one count of

---

[2]  We use initials to refer to defendants to avoid confusion created by their common surname.

third-degree failure to register as a sex offender, N.J.S.A. 2C:7-2(a)(3) and 7-2(c)(2). The latter charge stemmed from allegations that R.B. "fail[ed] to register with the New Brunswick Police Department within [forty-eight] hours of his release from the Middlesex County Adult Corrections Center on December 23, 2015[.]"

R.B. moved to dismiss all four indictments, arguing that the increased penalties from fourth-degree to third-degree crimes based on the 2007 and 2014 Megan's Law and CSL statutory amendments, respectively, violated the Ex Post Facto Clauses of the federal and state constitutions. Following oral argument, on March 23, 2017, the motion judge agreed and issued a written decision and accompanying order granting R.B.'s motion. In the decision, the judge relied on our opinion in State v. F.W., 443 N.J. Super. 476, 488 (App. Div. 2016), where we held that "prosecuting [the] defendant for the third-degree crimes created by [the Sex Offender Monitoring Act (SOMA), N.J.S.A. 30:4-123.94 and 123.95,] violated the Ex Post Facto Clause[s]" because the "SOMA offenses did not exist when [the] defendant committed his predicate offenses." Adopting our reasoning in F.W., the judge concluded that R.B. could not face third-degree charges for his CSL violations because at the time of his original sentence, R.B. was only exposed to a fourth-degree penalty. Thus, the judge dismissed all four

A-0904-16T1

indictments on "ex post facto" grounds, "without prejudice to the State's right to re-indict [R.B.] with appropriate grading of the charges."[3]

We granted the State leave to appeal but stayed the appeal and several others because the Supreme Court had granted certification in State v. Hester, 233 N.J. 115 (2017). Based on the Court's subsequent decision in Hester, the State concedes that its appeal of the dismissal of the third-degree violation of the conditions of CSL charges is "no longer viable" and has "limited" its appeal "to the dismissal of . . . [the] third-degree failure to register as a sex offender [charge]." On appeal, the State now contends:

> THERE IS NO EX POST FACTO VIOLATION WHEN A SEX OFFENDER WHO FAILS TO REGISTER AFTER MARCH 1, 2007[,] IS CHARGED WITH A THIRD-DEGREE CRIME.

Turning to H.B.'s case, H.B. was sentenced in 2000 to six years' imprisonment, compliance with Megan's Law, and CSL after pleading guilty to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4. In 2016, an Essex County grand jury indicted H.B. for third-degree violating the conditions of CSL,

---

[3]  Although the judge's decision did not expressly address the third-degree failure to register charge, that indictment was also dismissed, presumably based on the same rationale.

A-0904-16T1

N.J.S.A. 2C:43-6.4(d) (count one); and third-degree failure to register as a sex offender, N.J.S.A. 2C:7-2(a)(3) and 7-2(c)(2) (count two). Count two alleged that H.B. "failed to register with the Newark . . . Police Department within [forty-eight] hours of his release" from "the Essex County Correctional Facility . . . on or about August 25, 2014." H.B. entered a negotiated guilty plea to both counts and was sentenced in accordance with the plea agreement to two concurrent terms of three years' imprisonment, and PSL on each count.

H.B.'s ensuing appeal was also subject to our global stay. On appeal, H.B. now contends:

> POINT I
>
> THE 2007 AMENDMENT TO MEGAN'S LAW, WHICH HAD NO PURPOSE OTHER THAN TO INCREASE THE PENALTY FOR FAILURE TO REGISTER, MAY NOT BE APPLIED RETROACTIVELY IN VIOLATION OF THE EX POST FACTO CLAUSES OF THE STATE AND FEDERAL CONSTITUTIONS. (NOT RAISED BELOW).
>
> POINT II
>
> THE DECISION IN . . . HESTER . . . MANDATES THAT DEFENDANT'S CONVICTION FOR [CSL] ON COUNT ONE BE REDUCED FROM A THIRD-DEGREE OFFENSE TO A FOURTH-DEGREE CRIME, AND THAT THE CONDITION OF [PSL] BE VACATED. (NOT RAISED BELOW).

A-0904-16T1

The State and H.B. both agree that based on the Court's decision in Hester, defendant's third-degree conviction for violating CSL conditions should be amended to reflect a fourth-degree conviction. Both parties also agree that PSL should be vacated on both counts.

We begin our analysis with a discussion of the governing principles. Both the U.S. and the State Constitutions prohibit the passage of any ex post facto law. U.S. Const. art. I, § 10, cl. 1; N.J. Const. art. IV, § 7, ¶ 3. New Jersey courts interpret our Ex Post Facto Clause in a manner consistent with the United States Supreme Court's interpretation of the corresponding federal clause. State v. Fortin, 198 N.J. 619, 626-27 (2009). The Ex Post Facto Clauses "guarantee that criminal statutes 'give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" State v. Hester, 449 N.J. Super. 314, 320 (App. Div. 2017), aff'd, 233 N.J. 381 (2018) (quoting State v. Muhammad, 145 N.J. 23, 56 (1996)). "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id. at 321 (quoting Weaver v. Graham, 450 U.S. 24, 30 (1981)).

Ex post facto laws are "defined by two critical elements." Hester, 233 N.J. at 392. "A court must first determine that the law is 'retrospective.'" Riley v. N.J. State Parole Bd., 219 N.J. 270, 285 (2014) (quoting Miller v. Florida, 482 U.S. 423, 430 (1987)). "A law is retrospective if it 'appl[ies] to events occurring before its enactment' or 'if it changes the legal consequences of acts completed before its effective date.'" Ibid. (quoting Miller, 482 U.S. at 430). The second element is "whether the law, as retrospectively applied, imposes additional punishment to an already completed crime." Ibid. Indeed, "[a] retroactive law that merely effects a procedural change to a statutory scheme will fall outside of the constitutional prohibition [on ex post facto laws,]" but a law that retroactively "'imposes additional punishment to an already completed crime' disadvantages a defendant, and therefore is a prohibited ex post facto law." Hester, 233 N.J. at 392 (quoting Riley, 219 N.J. at 285).

In Hester, our Supreme Court rejected the State's contention "that the 'completed crime' [was] the CSL violation[.]" Ibid. Instead, the Court determined that "because the additional punishment attache[d] to a condition of [the] defendants' sentences, the 'completed crime' necessarily relate[d] back to the predicate offense[s]." Ibid. Acknowledging that "[p]arole and probation are punishments imposed for the commission of a crime," the Court explained that

A-0904-16T1

"[a] statute that retroactively imposes increased 'postrevocation penalties [on a scheme of supervised release] relate[s] to the original offense,' raising the issue of whether the defendant is 'worse off' for ex post facto purposes." Id. at 393 (alterations in original) (quoting Johnson v. United States, 529 U.S. 694, 701 (2000)).

The Court then concluded:

> the 2014 [a]mendment materially altered [the] defendants' prior sentences to their disadvantage—increasing to a third-degree crime a violation of the terms of their supervised release and converting their CSL to PSL . . . . The 2014 [a]mendment effected not a simple procedural change but rather one that offends the very principles animating the Ex Post Facto Clauses of our Federal and State Constitutions.
>
> [Id. at 398.]

Employing similar reasoning as the Hester Court, we conclude that the 2007 amendment that effectively increased the penalty for failing to register within forty-eight hours of release from a correctional facility, was both retroactive in its application and disadvantaged defendants. Id. at 392. Thus, we reject the State's primary argument advanced in both appeals that "the amended statute applies only prospectively to defendant[s'] new crime of failing to register after March 1, 2007[,]" the effective date of the amendment. We also reject the State's contention that Hester dictates a contrary holding. We

11

considered and rejected identical arguments in State v. Timmendequas, ___ N.J. Super. ___, (App. Div. 2019) (slip op. at 14-15), and we reach the same conclusion here. Because the "additional punishment" attached to the registration requirements of Megan's Law, which were "condition[s] of defendants' sentences," the "'completed crime' necessarily relate[d] back to the predicate offense[s]." Hester, 233 N.J. at 392.

Stated differently, defendants' original sentences in 1995 and 2000 "required [them] to comply ostensibly for the rest of [their lives] with Megan's Law's registration requirements," and the penalty for their non-compliance was prosecution for a fourth-degree crime. Timmendequas, ___ N.J. Super. ___ (slip op. at 14-15). By increasing "the punishment for defendant[s'] non-compliance with that portion of [their 1995 and 2000] sentence[s,]" the amendment "materially altered defendant[s'] prior sentence[s] to [their] disadvantage[,]" id. at ___ (slip op. at 15) (quoting Hester, 233 N.J. at 398), and thereby violated the federal and state Ex Post Facto Clauses. Therefore, "the State may not prosecute [defendants]" for failing to register "as third-degree crimes[,]" but as the fourth-degree crimes contemplated when they were originally sentenced in 1995 and 2000, and ordered to comply with the registration requirements of Megan's Law. Ibid.

In R.B.'s case, we agree with the judge's decision that R.B. is not subject to the statutory amendments on ex post facto grounds, but disagree that dismissal of the indictments without prejudice is warranted. Because our court rules permit the amendment of the charges to properly designate them as fourth-degree offenses, see R. 3:7-4,[4] and, on the record before us, defendant never challenged the sufficiency of the evidence before the grand jury, on the State's motion, the judge may amend the indictment to reflect the proper grading.

Likewise, in H.B.'s case, we agree with defendant that he is not subject to the statutory amendments. We therefore reverse and remand for the trial court to amend the judgment of conviction to reflect convictions for fourth-degree offenses and to remove the requirement that he be placed on PSL.[5]

Affirmed as modified as to R.B, reversed as to H.B., and remanded as to both defendants for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Rule 3:7-4 permits the amendment of the indictment "to correct an error in . . . the description of the crime . . . or to charge a lesser included offense provided that the amendment does not charge another or different offense . . . and the defendant will not be prejudiced . . . in his or her defense on the merits."

[5] In his merits brief, H.B. indicated that he had served his sentence, was released from custody, and did not seek a reversal of his convictions, but only a remand for resentencing.

A-0904-16T1