# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2255-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.J.N.,

      Defendant-Appellant.

_____

Argued February 27, 2025 – Decided March 10, 2025

Before Judges Natali, Walcott-Henderson, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 08-01-0060.

Brenden T. Shur argued the cause for appellant (John J. Zarych, PC, attorneys; John J. Zarych, of counsel; Brenden T. Shur, on the briefs).

James E. Moore, Assistant Prosecutor, argued the cause for respondent (Jeffrey H. Sutherland, Cape May Prosecutor, attorney; James E. Moore, of counsel and on the brief).

Jennifer A. Gisi, Assistant Deputy Public Defender, argued the cause for amicus curiae New Jersey Office of the Public Defender (Jennifer Nicole Sellitti, Public Defender, attorney; Jennifer A. Gisi, of counsel and on the brief).

PER CURIAM

Defendant R.J.N. appeals from the February 23, 2024 order denying his motion to terminate his sex offender registration obligations under Megan's Law, N.J.S.A. 2C:7-1 to -23, and his special sentence of parole supervision for life (PSL), N.J.S.A. 2C:43-6.4(b).  We granted the New Jersey Office of the Public Defender leave to appear as amicus curiae.  We affirm.

In April 2006, the New Jersey State Police connected to a shared folder containing child sexual abuse material (CSAM) on a computer owned by defendant and subsequently seized the computer from his residence pursuant to a search warrant.  Defendant admitted to possessing and viewing CSAM depicting pre-pubescent females and to obtaining and sharing those materials through a file-sharing program.

In January 2008, defendant was indicted for third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a); and fourth-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(b).  He pleaded guilty to third-degree

2

endangering the welfare of a child. On June 27, 2008, he was sentenced to a five-year suspended sentence, Megan's Law registration, and PSL, in accordance with his plea agreement.

Relevant to this appeal, defendant was subject to two conditions of PSL: (1) standard condition five required he reside at a residence approved by his parole officer; and (2) a special condition that required he refrain from any contact with an individual identified as L.J.,[1] whom defendant previously dated. The special condition was imposed on July 19, 2013, after L.J. contacted defendant's parole officer and "indictat[ed] that she no longer wanted contact with" defendant. It was not the first time L.J. requested defendant refrain from contacting her, and defendant was previously instructed by his parole officer to cease contacting her.

On November 13, 2013, defendant's parole officer issued a parole warrant after defendant admitted in writing he contacted L.J. in violation of his special condition of PSL and failed to reside at his approved address in violation of standard PSL condition five. He was taken into custody the same day. Defendant was not prosecuted for the crime of violating his conditions of PSL

---

[1] We utilize initials to protect victims or alleged victims of domestic violence. R. 1:38-3(c)(12).

under N.J.S.A. 2C:43-6.4(d); rather, the alleged violations were treated as parole violations pursuant to N.J.S.A. 2C:43-6.4(b).

On February 19, 2014, a hearing officer conducted a PSL violation hearing. Defendant participated in the hearing and was represented by counsel. He testified at the hearing and admitted he violated his conditions of PSL. The hearing officer "recommend[ed] that parole supervision be revoked."

On May 7, 2014, the New Jersey State Parole Board (Board) issued a Notice of Decision in which it adopted the recommendation of the hearing officer and revoked defendant's PSL "as the violations are serious as to warrant revocation." The Board ordered he "serve an incarceration term of twelve . . . months." It determined "[u]pon completion of the service of this period of confinement, which expires on [November 12, 2014, defendant] will resume the service of the special sentence of [PSL]."

On August 17, 2023, defendant filed a motion to terminate Megan's Law registration and PSL arguing he "has not been convicted of a crime for fifteen . . . years from the date of conviction." On February 23, 2024, after hearing oral argument, the court entered an order denying the motion supported by a written opinion.

It found "[b]ecause an individual who violates conditions of PSL without good cause is automatically guilty of a crime of the third degree, N.J.S.A. 2C:43-6.4(d); it would follow that a violation of PSL conditions constitute[s] an offense within the meaning of the Megan's Law and PSL termination statutes." The court also found defendant "was incarcerated for a period of [twelve] months following the 2014 parole violation," and he is not "eligible for termination of [PSL] because [fifteen] years has not elapsed since his last incarceration."

Defendant raises the following points for our consideration on appeal.

POINT I

THE [TRIAL] COURT ERRED WHEN IT FOUND THAT A VIOLATION OF [PSL] WHICH WAS DETERMINED AFTER A PAROLE HEARING CONSTITUTED A THIRD-DEGREE CRIME.

POINT II

THE [TRIAL] COURT ERRED IN DETERMINING THAT [DEFENDANT] WAS INELIGIBLE TO BE REMOVED FROM MEGAN'S LAW DUE TO HIS PAROLE REVOCATION.

POINT III

THE [TRIAL] COURT ERRED IN FINDING THAT . . . [DEFENDANT] WAS LEGALLY INELIGIBLE FROM REMOVAL FROM [PSL].

THE [TRIAL] COURT FAILED TO ADEQUATELY DETERMINE IF [DEFENDANT] HAD ESTABLISHED THAT HE DID NOT POSE A THREAT TO THE SAFETY OF OTHERS IF RELI[E]VED OF HIS MEGAN'S LAW AND PSL OBLIGATIONS.

We review matters of statutory interpretation de novo. Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990)).

Courts "look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009)). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 282 (2003)). Thus, any analysis to determine legislative intent begins with the statute's plain language. Ibid.

A-2255-23

Our authority is bound by clearly defined statutory terms. <u>Febbi v. Bd. of Rev.</u>, 35 N.J. 601, 606 (1961). Where a specific definition is absent, "[w]e must presume that the Legislature intended the words it chose and the plain and ordinary meaning ascribed to those words." <u>Paff v. Galloway Twp.</u>, 229 N.J. 340, 353 (2017) (citing <u>DiProspero</u>, 183 N.J. at 492).

We conclude the court correctly denied defendant's motion, albeit for different reasons than those expressed in the court's written opinion.[2] Because defendant was not released from custody for a term of imprisonment imposed for his 2008 conviction until November 12, 2014, he is not eligible for termination of his Megan's Law registration obligations or PSL until November 12, 2029.

A Megan's Law registrant may apply "to terminate the obligation upon proof that the person has not committed an offense within [fifteen] years following conviction or release from a correctional facility for any term of

---

[2] Appeals are taken from orders, not opinions. <u>Hayes v. Delamotte</u>, 231 N.J. 373, 387 (2018); <u>Suburban Dep't Stores v. City of E. Orange</u>, 47 N.J. Super. 472, 479 (App. Div. 1957) ("It is only what a court adjudicates, not what it says in an opinion, that has any direct legal effect." (citing <u>Hughes v. Eisner</u>, 8 N.J. 228 (1951))). "A trial court judgment that reaches the proper conclusion must be affirmed even if it is based on the wrong reasoning." <u>Hayes</u>, 231 N.J. at 387 (citing <u>Isko v. Planning Bd.</u>, 51 N.J. 162, 175 (1968)).

imprisonment imposed, whichever is later, and is not likely to pose a threat to the safety of others."  N.J.S.A. 2C:7-2(f).

In In re H.D., our Supreme Court found the language of N.J.S.A. 2C:7-2(f) "unambiguous.  It plainly refers to the conviction or release that triggers the registration requirement . . . ."  241 N.J. 412, 421 (2020).  The Court reasoned the Legislature tethered the registration relief offered in subsection (f) to the same underlying sex offense marking the starting point of the registration requirement and held "[u]nder the plain language of subsection (f), the fifteen-year period during which an eligible registrant must remain offense-free to qualify for registration relief commences upon [their] conviction or release from confinement for the sex offense that gave rise to [their] registration requirement."  Id. at 423.  The Legislature's use of the phrase "any term of imprisonment imposed" "acknowledges that not all sentences of imprisonment will be the same and makes it clear that the fifteen-year clock will not start until release, no matter how long or short the period of imprisonment."  Id. at 421.

A person serving PSL may be released from

> [PSL] only upon proof by clear and convincing evidence that the person has not committed a crime for [fifteen] years since the last conviction or release from incarceration, whichever is later, and that the person is not likely to pose a threat to the safety of others if released from parole supervision.

[N.J.S.A. 2C:43-6.4(c).]

Unlike the Megan's Law termination provision, the PSL termination provision does not tether the period of incarceration to the offense that resulted in the imposition PSL. "[T]he use of 'last conviction or release from incarceration' . . . is not limited to the sex offense conviction that led to an offender's PSL sentence." H.D., 241 N.J. at 422.

An individual sentenced to PSL is "in the legal custody of the Commissioner of the Department of Corrections and under the supervision of the [Board]." State v. Hester, 233 N.J. 381, 387-88 (2018). "Parole and probation are punishments imposed for the commission of a crime." Id. at 393 (citing Riley v. N.J. State Parole Bd., 219 N.J. 270, 288 (2014)). PSL is an "indefinite form[] of parole." Ibid. (quoting Riley, 219 N.J. at 288-89). "PSL authorizes the [Board] to revoke an offender's supervised release for a PSL violation and to return the offender to prison." Id. at 385.

If a person subject to PSL is returned to prison based on the revocation of parole, the offender necessarily is returned to prison for the offense that resulted in the imposition of PSL. See N.J.S.A. 2C:43-6.4(b) ("[A]uthorizing revocation and return to prison [by the Board] . . . notwithstanding that the defendant may not have been sentenced to or served any portion of a custodial term . . . ."); see

9

also <u>In re Registrant R.K.</u>, 475 N.J. Super. 535, 542 (App. Div. 2023) ("The violation of probation was not a new crime–it was a violation of [the registrant's] terms of probation that were part of his prior sentence.").

Here, when defendant's PSL was revoked, he was returned to prison for his 2008 conviction for third-degree endangering the welfare of a child. That was the same conviction that "gave rise to his . . . registration requirement." <u>See</u> <u>H.D.</u>, 241 N.J. at 423. Because defendant was not released from a correctional facility for any term of imprisonment imposed for the conviction that gave rise to his Megan's Law registration requirement until November 12, 2014, he is not eligible for termination until November 12, 2029, at the earliest. Likewise, he is not eligible for termination of PSL because he was last released from incarceration on November 12, 2014 and cannot demonstrate he "has not committed a crime for [fifteen] years since the last . . . release from incarceration" until November 12, 2029, at the earliest. <u>See</u> N.J.S.A. 2C:43-6.4(c).

We part company with the court on the determination defendant committed a new offense. The Legislature used the words "offense" and "crime" in N.J.S.A. 2C:7-2(f) and N.J.S.A. 2C:43-6.4(c). "We must presume that the Legislature intended the words it chose and the plain and ordinary meaning

ascribed to those words." Paff, 229 N.J. at 353 (citing DiProspero, 183 N.J. at 492).

Under the Code of Criminal Justice, an "'offense' means a crime, a disorderly persons offense or a petty disorderly persons offense." N.J.S.A. 2C:1-14(k). A "crime" is "[a]n offense defined by [the Code] or by any other statute of this State, for which a sentence of imprisonment in excess of [six] months is authorized." N.J.S.A. 2C:1-4(a)(1). "Crimes are designated in [the Code] as being of the first, second, third[,] or fourth degree." Ibid. A PSL violation is not included in the definition of crime or offense under the Code.

There is no basis for the court's finding "an individual who violates conditions of PSL . . . is automatically guilty of a crime of [the] third degree, N.J.S.A. 2C:43-6.4(d)." Defendant was not charged with or indicted for the crime of violation of PSL pursuant to N.J.S.A. 2C:43-6.4(d). Instead, his PSL violation was adjudicated by the Board pursuant to N.J.S.A. 2C:43-6.4(b).

> Under PSL, the [Board] has the authority to simply revoke a defendant's supervised release for a violation of a general condition and bypass the panoply of procedural rights afforded under the criminal justice system, such as the rights to a trial by jury and to have guilt proven beyond a reasonable doubt.
>
> [Hester, 233 N.J. at 396.]

11

"At a parole-revocation hearing, the [Board] may revoke a defendant's parole solely on clear and convincing evidence of a violation of the conditions of parole. An administrative officer—not a judicial officer—sits as the final arbiter of the facts." Ibid. n.6 (first citing N.J.S.A. 30:4-123.63(d); and then citing N.J.S.A. 30:4-123.63).

The Board's determination defendant violated his conditions of PSL based on clear and convincing evidence does not constitute a conviction for a crime or offense. See In re R.K., 475 N.J. Super. at 542 (noting a violation of probation is not a new crime). We therefore conclude the court incorrectly determined defendant was found to have committed a new offense when the Board revoked his PSL. We, nevertheless, affirm the court's finding defendant is not eligible for termination of his sex offender registration obligations under Megan's Law and his special sentence of PSL for the reasons previously discussed.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12

A-2255-23