# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1672-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KEVIN L. SHERIDAN,

     Defendant-Appellant.

_____

          Submitted November 18, 2019 – Decided  April 15, 2020

          Before Judges Fasciale and Rothstadt.

          On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 16-02-0130.

          Joseph E. Krakora, Public Defender, attorney for appellant (James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the briefs).

          Scott A. Cofina, Burlington County Prosecutor, attorney for respondent (Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin L. Sheridan appeals from the Law Division's October 28, 2016 judgment of conviction that was entered after a jury found him guilty of the third-degree offense of violating the conditions of Community Supervision for Life (CSL), N.J.S.A. 2C:43-6.4(d), and the trial court imposed a three-year sentence.[1]  On appeal, although not raised before the trial court, he challenges the court's jury instructions relating to the jury's obligation to return a unanimous verdict.[2]  We affirm.

Defendant was sentenced to CSL on October 25, 2000, after being convicted of Endangering the Welfare of a Child, N.J.S.A. 2C:24-4(a).  On February 25, 2016, after defendant had relocated to the State of Maryland where he was being supervised under an inter-state compact, a New Jersey grand jury returned an indictment charging defendant with violating the conditions of his

---

[1] Originally, a violation was punishable as a fourth-degree crime. State v. Perez, 220 N.J. 423, 441 (2015).  The statute was later amended to increase the penalty by elevating it to a third-degree offense. State v. Hester, 233 N.J. 381, 388-89 (2018), reconsideration denied, 234 N.J. 109 (2018).  However, the Court later concluded that the "enhanced . . . penal exposure [for] those [already] convicted of crimes" "violated . . . [the] Federal and State Constitutions." Id. at 388.

[2] Defendant asserted a second argument directed toward his being charged with a third-degree offense in contravention of Perez and Hester.  However, the trial court already resentenced defendant in the fourth-degree, removed him from PSL, and ordered him to continue with his CSL.  His resentencing renders his second contention on appeal moot and therefore, we need not consider that argument. See State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016).

CSL "on diverse [dates] between . . . February 27, 2013 through October 5, 2015." According to the indictment, defendant violated the conditions of his CSL

> [b]y failing to comp[l]y with pol[y]graph testing on several occasions[,] [b]y failing to report to the assigned parole officer as instructed[,] [b]y failing to obey all laws and ordinances[, and] [b]y failing to refrain from using any computer or device to create any social networking profile or to access any social networking service or chatroom.

Defendant was tried before a jury in July 2016. Two New Jersey Parole Officers and a Maryland Probation Agent testified to defendant's violations of CSL. In addition, the trial court, by order dated July 20, 2016, took judicial notice of and admitted into evidence defendant's 2014 and 2015 Maryland convictions for failure to register as a sex offender. Defendant also testified in an attempt to explain his alleged violations and his lack of understanding as to the conditions of his CSL.

After the parties' rested, the trial court conducted a charge hearing at which neither party asserted any objection to the court's proposed instructions. However, defendant later inquired of the trial court whether "all jurors have to vote the same or is it a balanced scale type [of] thing?" The trial court responded by stating that the jurors must be unanimous.

Turning to the verdict sheet, the court noted that it had two versions, one with "an itemized list of each alleged violation" and another one without the list that was more of a "narrative." The court indicated it had decided to use the latter version because "it mirror[ed] the indictment exactly."

In response, the prosecutor indicated she had no objection as "the State [could] prove any one of those violations in order to find [defendant] guilty." Defense counsel took the position that the verdict sheet selected by the trial court would mislead the jurors into thinking they had to find that defendant committed any of the alleged violations instead of unanimously finding he committed all of the violations as charged in the indictment, which used "violations" instead of the singular of that word.

When the trial court would not change the verdict sheet, defense counsel asked "in our closing argument if I wanted to address this, how would I address this or am I forced to just leave it out?" The trial court responded by stating the following:

> If the jury comes back and asks, do we have to find a violation or do we have to return a guilty verdict on all of the alleged violations or what if we find that he only violated one, is that still a guilty verdict? I can't tell you exactly what they're going to ask but if they ask something similar to that or something close to that, I'm going to answer them that they need only find that there

A-1672-16

was a violation of one allegation for there to be a guilty verdict.

The trial court concluded the discussion by stating it would follow the model jury charge, which "contemplates that a violation of one condition is subject to indictment and, therefore, subject to a finding of guilty or not guilty."

Following the parties' closing arguments, the trial court instructed the jury with the contents of the indictment and added the following:[3]

> The statute on which this charge is based provides that an actor is guilty of the offense of violation of <u>a condition</u> of [CSL] if without good cause he knowingly violates a condition of a special sentence of [CSL] which had been imposed on him.
>
> In order for you to find the defendant guilty of violating a condition of a special sentence of [CSL], you must find that the State has proven beyond a reasonable doubt the following elements:
>
> One, that the defendant was subject to conditions imposed upon him by a special sentence of [CSL] as imposed by law.
>
> Two, that the defendant knowingly violated a condition imposed on him as a result of a special sentence of [CSL].
>
> And, three, that the defendant did not have good cause to violate the alleged condition.

---

[3] The verdict sheet presented to the jury mirrored the four alleged violations.

A-1672-16

The first element that the State must prove beyond a reasonable doubt is that the defendant was subject to conditions imposed upon him by a special sentence of [CSL] as imposed by law.

The second element that the State must prove beyond a reasonable doubt is that the defendant knowingly violated a condition imposed on him as a result of a special sentence as imposed by law.

A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that the conduct is of that nature or that such circumstances exist or the person is aware of a high probability of their existence. A person acts knowingly with respect to a result of the conduct if he is aware that it is practically certain that the conduct will cause a result. Knowing, with knowledge, or equivalent terms have the same meaning.

Knowledge is a condition of the mind. It cannot be seen. It can only be determined by inference from defendant's conduct, words, or acts. A state of mind is rarely susceptible of direct proof but must ordinarily be inferred from the facts. Therefore, it is not necessary that the State produce witnesses to testify that an accused said that he had a certain state of mind when he did a particular thing. It is within your power to find that such proof has been furnished beyond a reasonable doubt by inferences which may arise from the nature of his acts and conduct and from all he said and did at the particular time and place and from all surrounding circumstances established by the evidence.

A condition imposed on a defendant by the special sentence of community supervision for life include a requirement that the defendant obey all laws and ordinances and any other requirement imposed by the

6

Division of Parole of the State Parole Board appropriate to protect the public and to foster rehabilitation which may include the following conditions that the defendant report to the assigned parole officer as instructed, submit to a polygraph examination ordered to be administered pursuant to [N.J.S.A.] 30:4-123.88, refrain from using any computer or device to create any social networking profile or to access any social networking service or chat room in the defendant's name or any other name for any reason unless expressly authorized by the district community supervisor.

The third element the State must prove beyond a reasonable doubt is that the defendant did not have good cause for the violation. Good cause is defined as a substantial reason that affords a legal excuse for the failure to abide by the condition. If you find that the State has failed to prove any of these elements of the offense beyond a reasonable doubt, then you must find the defendant not guilty.

If you find that the State has proved each and every element of the offense beyond a reasonable doubt, then you must find the defendant guilty.[4]

[(Emphasis added).]

In discussing the elements of the crime, the trial court also indicated that the State was only required to prove that defendant violated one of his CSL conditions. In the concluding portion of its instructions, the trial court stated

---

[4] The instruction followed the Model Jury Charges (Criminal), "Violation of a Condition of Parole Supervision for Life Fourth Degree (N.J.S.A. 2C:43-6.4(d)) (For offenses occurring on or after January 14, 2004)" (approved Jan. 13, 2014).

A-1672-16

"[t]he verdict must represent the considered judgment of each juror and must be unanimous. This means all of you must agree if defendant is guilty or not guilty on the charge." The court then reiterated the need for a unanimous verdict by stating the following:

> You may return on the crime charged a verdict of either not guilty or guilty. Your verdict, whatever it may be as to the crime charged, must be unanimous. Each of the [twelve] members of the deliberating jury must agree as to the verdict.

At the conclusion of the court's charge, neither party raised any objection to the court's instructions.

After deliberations began, the jury sent out a note asking "[a]re we ruling on all four provisions on the verdict sheet or just one." The trial court answered the question by telling the jurors they were "to consider all four. To return a guilty verdict, it need not be on all four, it may be on just one, two, three, or all four." Afterward, the foreperson responded that the judge's clarification was helpful, the jurors resumed their deliberations, and on the next day, July 28, 2016, they found defendant guilty. The court polled the jurors and each confirmed that "the verdict reported by [the] foreperson [was their] verdict." The trial court later sentenced defendant. This appeal followed.

On appeal, defendant presents us with the following argument:

A-1672-16

POINT I

THE DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A UNANIMOUS JURY VERDICT WHEN THE COURT ALLOWED THE JURORS TO FIND HIM GUILTY ON ONE OF FOUR POSSIBLE THEORIES, BUT FAILED TO INSTRUCT THE JURORS THAT THEY HAD TO BE UNANIMOUS ON AT LEAST ONE OF THOSE THEORIES. (NOT RAISED BELOW).

. . . .

B.   THE JUDGE'S INSTRUCTIONS ALLOWED THE JURY TO RETURN A GUILTY VERDICT EVEN IF THE JURORS COULD NOT RETURN A UNANIMOUS VERDICT ON ANY OF THE FOUR ALLEGED VIOLATIONS.

. . . .

Where, as here, defendant did not raise a challenge to the trial court's jury charge at trial, we review his claim on appeal for plain error. R. 2:10-2. To warrant reversal under the plain error standard, "an error at trial must be sufficient to raise 'a reasonable doubt . . . as to whether the error led the jury to a result it otherwise might not have reached.'" State v. Funderburg, 225 N.J. 66, 79 (2016) (alteration in original) (quoting State v. Jenkins, 178 N.J. 347, 361 (2004)).

When analyzing a jury instruction, "plain error requires demonstration of 'legal impropriety in the charge prejudicially affecting the substantial rights of

the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result.'"  State v. Chapland, 187 N.J. 275, 289 (2006) (quoting State v. Hock, 54 N.J. 526, 538 (1969)).  We "must not look at portions of the charge alleged to be erroneous in isolation; rather, 'the charge should be examined as a whole to determine its overall effect,' and 'whether the challenged language was misleading or ambiguous.'"  State v. McKinney, 223 N.J. 475, 494 (2015) (first quoting State v. Jordan, 147 N.J. 409, 422 (1997); and then quoting State v. Nelson, 173 N.J. 417, 447 (2002)).

With those guiding principles in mind, we turn to defendant's contention that the trial court committed plain error by failing to properly instruct the jurors that they were required to come to a unanimous decision as to at least one of the violations of defendant's CSL.  According to defendant, given the trial court's unanimity instruction, there was no way to determine whether the jury was unanimous on any one of the alleged violations.  We disagree.

"Ordinarily, a general instruction on the requirement of unanimity suffices to instruct the jury that it must be unanimous on whatever specifications it finds to be the predicate of a guilty verdict."  State v. Parker, 124 N.J. 628, 641 (1991).  "The fundamental issue is whether a more specific instruction [is] required in

order to avert the possibility of a fragmented verdict." State v. Frisby, 174 N.J. 583, 598 (2002).

A fragmented verdict typically results when "it appears that a genuine possibility of jury confusion exists or that a conviction may occur as a result of different jurors concluding that a defendant committed conceptually distinct acts." Parker, 124 N.J. at 641. Moreover, we consider "whether the allegations in the [charge] were contradictory or only marginally related to each other and whether there was any tangible indication of jury confusion." Id. at 639; see also State v. Gandhi, 201 N.J. 161, 193 (2010) (stating that "[t]he core question is, in light of the allegations made and the statute charged, whether the instructions as a whole [posed] a genuine risk that the jury [would be] confused" (alterations in original) (quoting Parker, 124 N.J. at 638)). Allegations based on "different acts and entirely different evidence" warrant a specific unanimity charge. Frisby, 174 N.J. at 599. A "reviewing court should examine two factors: whether the acts alleged are conceptually similar or are 'contradictory or only marginally related to each other,' and whether there is a 'tangible indication of jury confusion.'" Gandhi, 201 N.J. at 193 (quoting Parker, 124 N.J. at 639).

"[I]n cases where there is a danger of a fragmented verdict the trial court must upon request offer a specific unanimity instruction." Frisby, 174 N.J. at

11

597-98 (emphasis added) (quoting Parker, 124 N.J. at 637). In the absence of such a request, we "must determine whether the absence of a specific unanimity charge 'was clearly capable of producing an unjust result.'" State v. Kane, 449 N.J. Super. 119, 141 (App. Div. 2017) (quoting Frisby, 174 N.J. at 598).

We conclude that the trial court did not commit any error, let alone plain error, in its charge to the jury. Defendant never requested a specific unanimity charge and we find that the trial court's charge, taken as a whole, was not capable of allowing an injustice. First, the violations charged in the indictment and recited in the trial court's charge were conceptually similar. Defendant failed to abide by the conditions of CSL by failing to perform any one of the activities charged. Although they technically were "different acts," proof of defendant's violations did not require "entirely different evidence." Frisby, 174 N.J. at 599. All of these violations stemmed from defendant's inability to follow instructions, even though he acknowledged his conditions of CSL in 2004 and was reminded of those conditions on a regular monthly basis, as testified to by both the State's witnesses as well as defendant. The trial court correctly charged the jury that it must be unanimous as to defendant's violating any one condition.

Second, and contrary to defendant's contention that the jury's note demonstrated its confusion, we are satisfied that any initial confusion the jury

A-1672-16

may have had about whether it had to reach a unanimous verdict on all four CSL violations was remedied by the trial court's answer to the jury stating they had to consider all four, but they only needed to reach a unanimous verdict on at least one. While it is firmly established that "[w]hen a jury requests a clarification," the trial court "is obligated to clear the confusion," State v. Conway, 193 N.J. Super. 133, 157 (App. Div. 1984), and if the jury's question is ambiguous, the trial court must clarify the jury's inquiry by ascertaining the meaning of its request, State v. Graham, 285 N.J. Super. 337, 342 (App. Div. 1995), we conclude the trial court here satisfied its obligation to respond to the jury, as confirmed by the jury's foreperson and by the fact that no further clarification was requested.

The trial court delivered to the jury the model jury instructions as to the offense and the need for unanimity. "We presume the jury followed the court's instructions." State v. Patterson, 435 N.J. Super. 498, 511 (App. Div. 2014) (quoting State v. Smith, 212 N.J. 365, 409 (2012)). The jury charge and the court's response to the jury's question, taken as a whole, did not prejudice defendant or confuse the jury. State v. Savage, 172 N.J. 374, 387 (2002).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1672-16