# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0979-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID F. HOHSFIELD,

    Defendant-Appellant.

_____

Submitted March 17, 2020 – Decided May 20, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 13-09-2357 and Accusation Nos. 15-04-0735 and 15-04-0736.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant David Hohsfield appeals from the September 7, 2018 denial of his petition for post-conviction relief (PCR). He contends the sentences for third-degree stalking, N.J.S.A. 2C:12-10(e), and third-degree interference with a sex offender monitoring device, N.J.S.A. 30:4-123.95, violate the ex post facto clauses of the United States and New Jersey Constitutions (ex post facto clauses). We affirm.

In 1997, defendant was convicted of second-degree sexual assault of a child under N.J.S.A. 2C:14-2(b). He was sentenced to a seven-year term of imprisonment and community supervision for life (CSL) upon his release from prison.[1] At the time, CSL was imposed as a "special sentence" on all defendants convicted of certain enumerated sex offenses after completion of their prison terms. State v. Hester, 233 N.J. 381, 386 (2018) (quoting N.J.S.A. 2C:43-6.4).

In 2003, the Legislature amended N.J.S.A. 2C:43-6.4 (the 2003 amendment) and retroactively replaced all references to CSL with parole supervision for life (PSL), in addition to "substantive change[s] to the CSL post-sentence supervisory scheme." State v. Perez, 220 N.J. 423, 440 (2015). Under

---

[1] Defendant was also required to register as a sex offender under Megan's Law, N.J.S.A. 2C:7-2.

the amended statute, effective January 2004, an individual was "in the legal custody of the Commissioner of Corrections" and under the supervision of the State Parole Board for life. Id. at 441 (quoting N.J.S.A. 2C:43-6.4). In addition, the statute permitted a PSL violation to be prosecuted as a fourth-degree offense, N.J.S.A. 2C:43-6.4(d), or as a parole violation, N.J.S.A. 2C:43-6.4(b).[2]

In 2009, defendant pleaded guilty to third-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4(a). In December 2009, defendant was sentenced to a five-year term of imprisonment and to PSL.

On appeal, we affirmed defendant's sentence but remanded for entry of an amended judgment of conviction to reflect the correct amount of jail and gap-time credits. State v. Hohsfield (Hohsfield I), No. A-2137-09 (App. Div. Aug. 27, 2010).

Defendant presented a first petition for PCR in January 2011, arguing trial counsel was ineffective for failing to move to sever the count charging defendant with a CSL violation, and in properly advising defendant of the PSL terms. The petition was denied.

---

[2] A fourth-degree offense was punishable by no more than eighteen months in prison. N.J.S.A. 2C:43-6(a)(4).

A-0979-18T2

We affirmed the denial of defendant's first petition. State v. Hohsfield (Hohsfield II), No. A-5381-12 (App. Div. July 23, 2015) (slip op. at 1). The panel found (1) "defendant was aware of the consequences of his guilty plea, including that the Parole Board could revoke his parole and send him to prison for the revocation, even if he was not also indicted and convicted"; and (2) the petition did "not allege he would have gone to trial if his counsel had obtained severance of the CSL count." Id. at 10, 12.

In 2013, defendant was charged in an indictment with third-degree stalking in violation of N.J.S.A. 2C:12-10(e). Although the allegations constituted a fourth-degree charge, it was upgraded to a third-degree offense because it was committed while defendant was on PSL for his 2009 conviction.[3] He was indicted in 2014 with fourth-degree failure to register his home address every ninety days in violation of N.J.S.A. 2C:7-2(a).

In January 2015, defendant changed employment and failed to notify his parole officer of that change within five days as required under Megan's Law. He also attempted to cut off the electronic monitoring device attached to his

---

[3] N.J.S.A. 2C:12-10(e) states that a defendant may be indicted or charged with a third-degree crime when he or she commits an offense "while serving a term of imprisonment or while on parole or probation as the result of a conviction for any indictable offense . . . ."

body. As a result, defendant was charged in two accusations with fourth-degree failure to register under Megan's Law in violation of N.J.S.A. 2C:7-2(d)(1), and third-degree interference with a monitoring device in violation of N.J.S.A. 30:4-123.95.

In April 2015, defendant pled guilty to third-degree stalking and third-degree interference with a monitoring device and to the fourth-degree charges in the accusations. He was sentenced in June 2015 to a four-and-a-half-year term of imprisonment for the third-degree offenses to run concurrently with an eighteen-month imprisonment term for the fourth-degree offenses.[4]

In 2014, the Legislature again amended N.J.S.A. 2C:43-6.4 (the 2014 amendment). The amendment provided that a defendant on CSL who violates the terms of his or her supervised release may be prosecuted for committing a third-degree crime and faces a presumption of imprisonment. In addition, the 2014 amendment stated that a conviction of a CSL violation converted a defendant's CSL status to PSL status. N.J.S.A. 2C:43-6.4(a).

In sum, under the 2014 amendment, a defendant who committed a CSL violation could be prosecuted for a third-degree offense, subjected to a

---

[4] Defendant's appeal from his convictions was later withdrawn. The appeal was dismissed in April 2016.

mandatory three-to-five-year prison term and the imposition of a special sentence of PSL. N.J.S.A. 2C:43-6(a)(3), -6.4(a), (d).

After the amendment, four separate defendants including Mark Hester, challenged the constitutionality of the retroactive application of the 2014 amendment. Hester, 233 N.J. at 385. The defendants violated the terms of their CSL after the amendment. Therefore, they were indicted for committing third-degree offenses and faced the increased penalties under the 2014 amendment. The trial courts concluded the 2014 amendment violated the ex post facto clauses and dismissed the indictments. We affirmed. State v. Hester, 449 N.J. Super. 314, 318 (App. Div. 2017).

In December 2016, defendant filed the PCR petition that is the subject of this appeal. He was assigned counsel, who thereafter filed a brief in support of the petition. PCR counsel argued that the 2014 amendment increasing the punishment for a CSL violation to a third-degree crime violated the ex post facto clauses. Under Hester, counsel contended defendant was entitled to be re-sentenced to fourth-degree stalking and interference with a monitoring device.

In July 2017, the New Jersey Supreme Court granted certiorari in State v. Hester, 233 N.J. 115 (2017). We stayed all CSL appeals pending the Court's decision.

In December 2017, the PCR court heard oral argument on defendant's petition. On May 30, 2018, the New Jersey Supreme Court affirmed this court's decision, concluding the ex post facto clauses barred the retroactive application of the 2014 amendment to defendants' CSL violations. Hester, 233 N.J. at 385-86.

As a result, the PCR court requested supplemental briefs on defendant's petition. Defendant contended anew in his subsequent brief that Hester mandated a re-sentencing to fourth-degree stalking and interference with a monitoring device.

On September 7, 2018, the PCR court denied the petition. In addressing defendant's conviction for third-degree interference with a monitoring device, the court noted he was sentenced to CSL after his 1997 conviction. After defendant was convicted of a new offense in 2009, his CSL sentence converted to PSL pursuant to the 2003 amendment. Therefore, because defendant was already subject to a PSL sentence related to the 2009 conviction, the ex post facto clauses were not violated when his fourth-degree interference charge was upgraded to a third-degree offense under the 2014 amendment.

A-0979-18T2

Moreover, the PCR court observed defendant could not be charged with fourth-degree interference with a monitoring device under N.J.S.A. 30:4-123.95 because the crime under the statute was only a third-degree offense.

The PCR court also rejected defendant's argument that his fourth-degree stalking charge was wrongfully upgraded under the 2014 amendment. Again, defendant was on PSL after his 2009 conviction. When he was charged with stalking in 2013, he was subject to the enhancement provision in N.J.S.A. 2C:12-10(e) because he committed the offense while on parole. Therefore, defendant's argument that his CSL status was retroactively changed to PSL due to the 2014 amendment lacked merit.

Defendant presents the following issue on appeal:

> DEFENDANT SHOULD BE RE-SENTENCED TO A FOURTH-DEGREE PAROLE SUPERVISION VIOLATION, INTERFERENCE WITH A MONITORING DEVICE, AND FOURTH-DEGREE STALKING, AS THE SENTENCES IMPOSED ARE ILLEGAL AND VIOLATE THE EX POST FACTO LAWS OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

Defendant argues the PCR court erred in denying his petition because his sentences for third-degree stalking and interference with a monitoring device were unconstitutional under the ex post facto clauses. Defendant maintains his

A-0979-18T2

fourth-degree offenses under CSL were wrongfully upgraded to third-degree offenses under PSL as a result of the 2014 amendment.

We affirm for the reasons stated in the PCR court's opinion, adding only the following comments. Defendant was convicted of second-degree sexual assault of a child in 1997 and sentenced to CSL. The 2003 amendment retroactively replaced CSL with PSL. Therefore, when defendant was convicted of third-degree endangering the welfare of a child in 2009, he was sentenced to PSL under the amended statute. This was a new offense committed by defendant to which he pled guilty. We affirmed the 2009 PSL sentence. Hohsfield I.

We also affirmed the denial of defendant's first PCR petition, finding he was properly advised of the consequences of his 2009 plea and the imposition and nature of the PSL sentence. Hohsfield II, slip op. at 1, 10-11.

Hester is inapplicable to defendant's circumstances. There, the defendants were sentenced to CSL before the 2014 amendment. When they violated CSL after the amendment's effective date, they faced enhanced penalties under the 2014 amendment. The Hester Court found the retroactive increased punishment violated the ex post facto clauses.

Here, under the 2003 amendment, defendant became subject to PSL when he was sentenced in 2009 for the new offense of endangering the welfare of a

A-0979-18T2

child. So, when he committed the 2012 and 2015 offenses of stalking and interference with a monitoring device, he was already on PSL. Therefore, his sentence was not upgraded or enhanced under the 2014 amendment, and Hester did not apply. Defendant was properly charged with third-degree offenses for his PSL violations under N.J.S.A. 2C:12-10(e). There was no ex post facto violation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0979-18T2